[Cite as *State v. Wright*, 2018-Ohio-4966.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 18AP-303 |
| v. | : | (C.P.C. No. 07CR-9102) |
| Delanio L. Wright, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on December 11, 2018

**On brief:** *Ron O'Brien,* Prosecuting Attorney, and *Kimberly M. Bond,* for appellee.

**On brief:** *Delanio L. Wright,* pro se.

APPEAL from the Franklin County Court of Common Pleas

HORTON, J.

{¶ 1}  Delanio L. Wright is appealing from the findings of the trial court with respect to post-release control. He assigns two errors for our consideration:

> [I.] The Trial Court Errored By not using the limited Jurisdiction to Correct the Defendant's sentence, because the Appellant is still under the inproper Post-Release Control notification.
>
> [II.] The Trial Court Erred by rendering the Appellant's motion Moot, and failing to hear the case on the merits.

{¶ 2}  Wright has multiple convictions from multiple counties. He was convicted of gun-related charges in Franklin County in February 2009. The judge then assigned to his cases mistakenly put on a sentencing entry which indicated that Wright was subject to a five-year period of post-release control. After that judge retired, the judge's replacement

corrected the mistake and put on a nunc pro tunc sentencing entry which properly reflected that Wright was subject to a three-year period of post-release control. Wright has now served his full sentence from Franklin County, including the post-release control period for the Franklin County sentence.

{¶ 3} For reasons unknown, Wright filed new motions in Franklin County. The judge now assigned to his case overruled the motions, finding them moot because his full Franklin County sentence has been served.

{¶ 4} Addressing the two assignments of error, Wright is not under post-release control from Franklin County, but from convictions in another county. We cannot undo those sentences.

{¶ 5} The first assignment of error is overruled.

{¶ 6} The trial court judge did in fact consider the merits of the motion filed by Wright and found there was nothing she could do. She was correct.

{¶ 7} The second assignment of error is overruled.

{¶ 8} Having overruled both assignments of error, the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

TYACK and DORRIAN, JJ., concur.

_____