[Cite as *State ex rel. Wright v. Ohio Adult Parole Auth.*, 2024-Ohio-927.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State ex rel. Delanio L. Wright,      :

      Relator,      :

v.      :      No. 23AP-604

      :      (REGULAR CALENDAR)

[Ohio] Adult Parole Authority,      :

      Respondent.      :

      :

D E C I S I O N

Rendered on March 12, 2024

**On brief:** *Delanio L. Wright*, pro se.

IN PROHIBITION/MANDAMUS

LELAND, J.

**{¶ 1}** Relator, Delanio L. Wright, has filed an original action requesting a writ of prohibition and mandamus against respondent, Ohio Adult Parole Authority.

**{¶ 2}** Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law, which is appended hereto. The magistrate recommended relator's complaint be dismissed sua sponte on the grounds "relator has failed to fully comply with R.C. 2969.25(A) in describing the habeas corpus action and appeal from such action that he brought within the previous five years." (Appended Mag. Decision at ¶ 15.)

**{¶ 3}** No party has filed objections to the magistrate's decision. The case is now before this court for review.

{¶ 4}  Finding no error of law or other defect on the face of the magistrate's decision, this court adopts the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's recommendation, we sua sponte dismiss this action.

*Action dismissed.*

DORRIAN and LUPER SCHUSTER, JJ., concur.

————————————

# APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Delanio L. Wright, | : | |
| Relator, | : | |
| v. | : | No. 23AP-604 |
| | : | |
| Adult Parole Authority, | | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

MAGISTRATE'S DECISION

Rendered on October 16, 2023

*Delanio L. Wright,* pro se.

IN PROHIBITION AND MANDAMUS
ON SUA SPONTE DISMISSAL

{¶ 5} Relator, Delanio L. Wright, has filed this original action seeking a writ of prohibition and mandamus against respondent, Ohio Adult Parole Authority ("OAPA").

## I. Findings of Fact

{¶ 6} 1. At the time of the filing of this action, relator was incarcerated at the Mansfield Correctional Institution in Mansfield, Ohio.

{¶ 7} 2. OAPA is a division of the Ohio Department of Rehabilitation and Correction ("ODRC"), which is responsible for duties as provided under R.C. 5149.03.

{¶ 8} 3. Relator filed his complaint in the instant action on October 6, 2023. Attached to relator's complaint was an "affidavit to comply with [R.C.] 2969.25." (Relator's Aff. at 1.)

**{¶ 9}** 4. In his complaint, relator asserted that OAPA has "exceeded the jurisdiction and power bestowed upon them by refusing to correct the record so that it reflects the Technical Parole Violation the Relator has ser[v]ed." (Compl. at 1.) Relator asserts that "the increase to the Maximum Date of Release would make another sanction a violation of the Double Jeopardy provisions in the Fifth Amendment to the[]Constitution of the United States and Section 10, Article I of the Ohio Constitution bar[ring] multiple punishment for the same offense." (Emphasis removed.) (Compl. at 2.) Relator further asserts that "[a]ll of the parole hearings held to prevent the Relator's release are void." (Compl. at 3.) Additionally, relator attached to his complaint a number of exhibits in support of his request.

## II. Discussion and Conclusions of Law

**{¶ 10}** R.C. 2969.25(A) and (C) provide procedural requirements for inmates commencing a civil action or appeal against a government entity or employee. *See State ex rel. Foster v. Foley*, 170 Ohio St.3d 86, 2022-Ohio-3168, ¶ 10; *State ex rel. Swanson v. Ohio Dept. of Rehab. & Corr.*, 156 Ohio St.3d 408, 2019-Ohio-1271, ¶ 6. Compliance with the requirements of R.C. 2969.25(A) and (C) is mandatory, and failure to comply compels dismissal. *Boles v. Knab*, 129 Ohio St.3d 222, 2011-Ohio-2859, ¶ 1.

**{¶ 11}** Under R.C. 2969.25(A), an inmate commencing a civil action in the court of appeals must file an affidavit containing a "description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court." To comply with R.C. 2969.25(A), the filed affidavit must include all of the following:

> (1) A brief description of the nature of the civil action or appeal;
>
> (2) The case name, case number, and the court in which the civil action or appeal was brought;
>
> (3) The name of each party to the civil action or appeal;
>
> (4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award.

R.C. 2969.25(A). *See Swanson* at ¶ 5. With regard to the requirements for an affidavit of indigency, the statute provides as follows:

> If an inmate who files a civil action or appeal against a government entity or employee seeks a waiver of the prepayment of the full filing fees assessed by the court in which the action or appeal is filed, the inmate shall file with the complaint or notice of appeal an affidavit that the inmate is seeking a waiver of the prepayment of the court's full filing fees and an affidavit of indigency. The affidavit of waiver and the affidavit of indigency shall contain all of the following:
>
> (1) A statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier;
>
> (2) A statement that sets forth all other cash and things of value owned by the inmate at that time.

R.C. 2969.25(C).

{¶ 12} Substantial compliance with the requirements of R.C. 2969.25(A) and (C) is not sufficient. *State ex rel. McGlown v. Mohr*, 10th Dist. No. 14AP-478, 2015-Ohio-1554, ¶ 9, citing *State ex rel. Manns v. Henson*, 119 Ohio St.3d 348, 2008-Ohio-4478, ¶ 4; *State ex rel. Neil v. French*, 153 Ohio St.3d 271, 2018-Ohio-2692, ¶ 7. Nor can a deficiency in compliance with the statutory requirements present at the time of the filing of the complaint be cured at a later date. *State ex rel. Swopes v. McCormick*, ___ Ohio St.3d. ___, 2022-Ohio-4408, ¶ 14 (stating that "*all* avenues for curing a failure to comply with R.C. 2969.25" were "expressly foreclosed") (Emphasis sic.)); *State ex rel. Young v. Clipper*, 142 Ohio St.3d 318, 2015-Ohio-1351, ¶ 9 (stating that failure to comply with the mandatory requirements of R.C. 2969.25 "is not curable by subsequent amendment" and that a "belated attempt to file an affidavit that complies with R.C. 2969.25 does not excuse the noncompliance"); *Fuqua v. Williams*, 100 Ohio St.3d 211, 2003-Ohio-5533, ¶ 9; *Boles* at ¶ 2. Furthermore, the Supreme Court of Ohio has held that a court does not err by sua sponte dismissing a complaint for failing to comply with the inmate filing requirements in R.C. 2969.25. *State ex rel. Bey v. Bur. of Sentence Computation*, 166 Ohio St.3d 497, 2022-Ohio-236, ¶ 19; *State ex rel. Watkins v. Andrews*, 142 Ohio St.3d 308, 2015-Ohio-1100, ¶ 8; *State ex rel. Hall v. Mohr*, 140 Ohio St.3d 297, 2014-Ohio-3735, ¶ 5.

{¶ 13} Relator has not satisfied the requirements of R.C. 2969.25(A) in this case. In his affidavit, relator describes his prior civil actions and appeals within the last five years as follows:

> I have filed (3) Civil actions over the past five years and the first was in Dec. 2018 with a motion to vacate in Franklin County that was denied. Than another motion to vacate was filed in Highland County in 2020, and the motion was denied. The Relator did file a Writ of Habeas Corpus in May of 2021.

> All Motions were appealed; SEE: State V. Wright 2018 Ohio 4966 for the Franklin County case, and SEE: State V. Wright 2020 Ohio 275 for the Highland County case and SEE: Wright V. Collins 2021 Ohio Lexis 909 that was dismissed for want of prosecution. The Affiant has not had a Civil action or Appeal dismissed as frivolous or malicious.

(Sic Passim.) (Relator's Aff. at 1.)

{¶ 14} Although relator mentions his filing of an original action seeking a writ of habeas corpus, the description of this action provided by relator is not sufficient to meet the requirements of R.C. 2969.25(A). As an original action seeking a writ of habeas corpus is civil in nature, habeas corpus actions and appeals from such actions filed within the previous years must be listed in an inmate affidavit in compliance with R.C. 2969.25(A). *See Fuqua* at paragraph one of the syllabus ("A habeas corpus action is a civil action and therefore the provisions of R.C. 2969.21 through 2969.27 are applicable to such action."). Failing to fully comply with R.C. 2969.25(A) in describing a habeas corpus action or appeals from such actions filed in the previous five years is grounds for dismissal. *See Westerfield v. Bracy*, ___ Ohio St.3d ___, 2023-Ohio-499, ¶ 8-10 (affirming dismissal of habeas corpus action where inmate affidavit failed to name the parties or reveal the outcomes of cases including a prior habeas corpus action and where affidavit failed to list two other federal habeas corpus actions filed within the prior five years). Cursory review of the citation provided in relator's affidavit reveals an appeal of a habeas corpus action that was dismissed by the Supreme Court of Ohio. *See Wright v. Collins*, 163 Ohio St.3d 1419, 2021-Ohio-1635. Relator does not list the case number of such appeal, nor does he list the court in which the appeal was brought as required by R.C. 2969.25(A)(2). Furthermore, relator does not specify the details of the underlying habeas corpus action from which the appeal was

brought. As this underlying habeas corpus action was filed within the previous five years,[1] it is also subject to the disclosure requirements under R.C. 2969.25(A).

{¶ 15} Because relator has failed to fully comply with R.C. 2969.25(A) in describing the habeas corpus action and appeal from such action that he brought within the previous five years, relator's complaint must be dismissed. *Westerfield* at ¶ 10; *McGlown*, 2015-Ohio-1554, at ¶ 9. Finally, although relator's complaint must be dismissed for failing to comply with the requirements of R.C. 2969.25(A), it is noted that "a dismissal for failure to meet the requirements of R.C. 2969.25 is *not* a dismissal on the merits." (Emphasis added.) *Watkins*, 2015-Ohio-1100, at ¶ 8, citing *Hall*, 2014-Ohio-3735, at ¶ 5. Accordingly, it is the decision and recommendation of the magistrate that relator's complaint should be sua sponte dismissed.

/S/ MAGISTRATE
 JOSEPH E. WENGER IV

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.

---

[1] The magistrate takes judicial notice of the docket in the appeal before the Supreme Court of Ohio, which is available through the publicly accessible website of the court, and the docket of the underlying habeas corpus action before the Fourth District Court of Appeals, which is available through the publicly accessible website of the Pickaway County Clerk of Courts. *Wright v. Collins*, 4th Dist. No. 2020CA0016 (Feb. 8, 2021) (granting motion to dismiss the habeas corpus action). *See State ex rel. Ohio Republican Party v. Fitzgerald*, 145 Ohio St.3d 92, 2015-Ohio-5056, ¶ 18 (finding in a writ action that a court may take judicial notice of facts not subject to reasonable dispute); Evid.R. 201(B). The index of record on appeal before the Supreme Court of Ohio and the docket in the Fourth District Court of Appeals reflect that the underlying habeas corpus action was filed on December 3, 2020.