BOLES, APPELLANT, *v.* KNAB, WARDEN, APPELLEE.

[Cite as *Boles v. Knab*, 129 Ohio St.3d 222, 2011-Ohio-2859.]

*Civil procedure — Actions by prisoners — Institutional policy for obtaining statement of cashier in support of affidavit of indigency — R.C. 2969.25.*

(No. 2011-0153 — Submitted June 8, 2011 — Decided June 16, 2011.)

APPEAL from the Court of Appeals for Ross County, No. 10CA3195.

_____

**Per Curiam.**

{¶ 1} We affirm the judgment of the court of appeals dismissing the petition of appellant, Shawn R. Boles, for a writ of habeas corpus. "The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal." *State ex rel. White v. Bechtel*, 99 Ohio St.3d 11, 2003-Ohio-2262, 788 N.E.2d 634, ¶ 5; *State ex rel. McGrath v. McDonnell*, 126 Ohio St.3d 511, 2010-Ohio-4726, 935 N.E.2d 830, ¶ 1. Boles's petition included an affidavit of indigency and sought waiver of prepayment of the court's filing fees, but failed to include in his affidavit of indigency a statement setting forth the balance in his inmate account for each of the preceding six months, as certified by the institutional cashier, in violation of R.C. 2969.25(C).

{¶ 2} Boles instead sought leave to file a delayed R.C. 2969.25(C) statement, but delayed statements are not permitted by the statute. R.C. 2969.25(C); see also *Fuqua v. Williams*, 100 Ohio St.3d 211, 2003-Ohio-5533, 797 N.E.2d 982, ¶ 9.

{¶ 3} Boles asserts that this requirement is unconstitutional, but he fails to rebut the presumed constitutionality of R.C. 2969.25. See *Cleveland v. State*, 128 Ohio St.3d 135, 2010-Ohio-6318, 942 N.E.2d 370, ¶ 6 (statutes are presumed

constitutional and will not be invalidated unless the challenger establishes that the legislation is unconstitutional beyond a reasonable doubt).

{¶ 4} Boles further claims that an internal prison policy[1] that has been in effect for over ten years prevented him from complying with the requirement of R.C. 2969.25(C) when he filed his habeas corpus petition. But Boles could have forwarded his petition and other documents to be filed with the affidavit of indigency and cashier's certification to the cashier so that the cashier could have mailed all of the pertinent documents to the clerk of the Ross County Court of Appeals. The policy did not prevent Boles's compliance with the requirement.

{¶ 5} Therefore, the court of appeals did not err in dismissing Boles's petition for failure to comply with R.C. 2969.25.[2]

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Shawn R. Boles, pro se.

Michael DeWine, Attorney General, and Elizabeth A. Matune, Assistant Attorney General, for appellee.

_____

1. According to Boles, the policy requires inmates to forward all in forma pauperis and indigency forms to the prison cashier along with an envelope addressed to the applicable court so that the cashier can sign the forms and the six-month certification of the inmate account and mail them directly to the court.

2. We deny appellant's motion to strike appellee's merit brief.