[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Swopes v. McCormick*, Slip Opinion No. 2022-Ohio-4408.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2022-OHIO-4408

THE STATE EX REL. SWOPES, APPELLANT, *v.* MCCORMICK, JUDGE, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Swopes v. McCormick*, Slip Opinion No. 2022-Ohio-4408.]

*Mandamus—Inmate failed to attach to his original complaint a certified statement from prison cashier setting forth balance in his inmate account as required by R.C. 2969.25(C)— Court of appeals' dismissal of complaint seeking to compel trial court to permit inmate to independently test evidence sample affirmed.*

(No. 2022-0264—Submitted November 15, 2022—Decided December 14, 2022.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 110860, 2022-Ohio-306.

_____

**Per Curiam.**

{¶ 1} This mandamus action arises out of a capital murder case pending before appellee, Cuyahoga County Court of Common Pleas Judge Timothy

McCormick.  The trial court granted the state's motion to permit DNA testing of an evidence sample taken from the crime scene that would consume the entire sample. The defendant in the case, appellant, Dominique Swopes, filed an original action in the Eighth District Court of Appeals seeking a writ of mandamus to compel the trial court to permit Swopes to independently test the sample.

{¶ 2} The Eighth District dismissed the complaint.  We affirm the judgment of the court of appeals because Swopes failed to comply with R.C. 2969.25(C).

**Background and Procedural History**

{¶ 3} Swopes is the defendant in Cuyahoga C.P. No. CR-19-638518, a death-penalty case.  During the investigation, police collected a DNA swab from the crime scene, ("Item 9.1"), from which 50 microliters of sample were extracted.  The Bureau of Criminal Investigation ("BCI") divided the extracted sample in half, retaining 25 microliters for its own testing and designating the remainder as "the defense half."

{¶ 4} Of the 25 microliters set aside for its own use, BCI used two microliters to perform quantification, a process for determining the amount of DNA present in the sample.  In May 2019, BCI used another 15 microliters for STR (short-tandem-repeat) DNA testing, which determined that Item 9.1 contained the victim's DNA; Swopes's DNA was not detected.

{¶ 5} In January 2020, BCI performed Y-STR (Y-chromosome short-tandem-repeat) DNA analysis on the remaining eight microliters of its share of Item 9.1.  That analysis did not detect any male profile.

{¶ 6} In June 2020, the state filed a motion "to allow testing and consumption of [the] defense portion of [the] DNA extract."  The state claimed that it needed to conduct Minifiler analysis, which would consume the entirety of the 25 microliters of Item 9.1 that had been reserved for defense testing.  Swopes opposed the motion, and the trial court held an evidentiary hearing.

{¶ 7} The trial court granted the state's motion.  Swopes appealed, but the Eighth District dismissed the appeal for lack of a final, appealable order.

**{¶ 8}** In September 2021, Swopes filed a complaint for a writ of mandamus in the Eighth District seeking to "compel[] [the trial court] to permit Mr. Swopes to autonomously test Item 9.1." The trial court filed a motion to dismiss, arguing that the complaint failed to state a claim for relief in mandamus and lacked an affidavit of prior actions, as required by R.C. 2969.25(A). In response, Swopes filed an amended complaint. And for the first time, Swopes filed a motion to proceed without paying the filing fee, along with a copy of his inmate account. The trial court renewed its motion to dismiss.

**{¶ 9}** The Eighth District granted the trial court's renewed motion to dismiss, concluding that Swopes's original complaint was defective in two respects: it lacked an affidavit of prior civil actions, and it lacked a certified statement from the prison cashier setting forth the balance in Swopes's inmate account. The court held that the *original* complaint had to contain these items and that the defect could not be cured by amendment of the complaint. Although it did not need to reach the merits, the court also concluded that Swopes had failed to state a claim in mandamus. Swopes timely appealed.

## Legal Analysis

**{¶ 10}** The Eighth District dismissed Swopes's complaint in part because he had failed to comply with R.C. 2969.25(C). Under that provision, an inmate seeking a waiver of the court's filing fees when commencing a civil action in a court of appeals against a governmental entity or employee must file with his complaint an affidavit stating that he is seeking a waiver of the prepayment of the court's full filing fees and an affidavit of indigency. The affidavit must contain (1) a statement setting forth the balance of the inmate's institutional account for each of the preceding six months and (2) a statement that sets forth all other cash and things of value owned by the inmate. *Id.* An inmate's noncompliance with these requirements is a proper basis for dismissal of the action. *State ex rel. Evans v. McGrath*, 151 Ohio St.3d 345, 2017-Ohio-8290, 88 N.E.3d 957, ¶ 5.

**{¶ 11}** In his merit brief, Swopes correctly notes that the account information is not a filing requirement in all cases: the information is required only if the inmate is seeking a waiver of the filing fees. Although he does not develop the argument, by raising this point, Swopes appears to imply that his original complaint was not subject to R.C. 2969.25(C), because he did not file a motion to waive costs. Swopes did, however, file an affidavit of indigency along with his original complaint, and the only reason for doing so would have been to request a filing-fee waiver. Moreover, Swopes has not suggested that he actually paid the filing fee when he filed the original complaint. The court of appeals did not err in determining that Swopes's original complaint was defective and therefore subject to dismissal.

**{¶ 12}** Swopes argues that he cured the defect by attaching the account information to his amended complaint. As a general rule, noncompliance with R.C. 2969.25(C) cannot be cured by amendment after a petition is filed. *Evans* at ¶ 7. Swopes argues that the cases applying this rule did not involve situations in which the inmate amended his complaint pursuant to Civ.R. 15(A), and he notes that amendments made pursuant to Civ.R. 15(A) "relate back" to the filing of the original complaint, Civ.R. 15(C). Therefore, Swopes concludes, given the facts of his case, he cured the defect.

**{¶ 13}** Swopes has misconstrued the effect of Civ.R. 15(C). That rule "concerns itself with the relation back of permissible amendments and in that sense is intimately related to statutes of limitations." Civ.R. Staff Notes (1970). Thus, "relat[ion] back," as used in Civ.R. 15(C), means that if a plaintiff amends his complaint after the statute of limitations has expired, the statute of limitations will not bar the claims asserted in the amended pleading. *See LaNeve v. Atlas Recycling, Inc.*, 119 Ohio St.3d 324, 2008-Ohio-3921, 894 N.E.2d 25, ¶ 11. Civ.R. 15 does not provide a safe harbor for an inmate's failure to comply with R.C. 2969.25.

{¶ 14} In *State ex rel. Hall v. Mohr*, 140 Ohio St.3d 297, 2014-Ohio-3735, 17 N.E.3d 581, the inmate complained that he was not given prior notice before the court dismissed his complaint for noncompliance with R.C. 2969.25. We rejected that argument on the ground that "[b]ecause the failure to comply with the mandatory requirements of R.C. 2969.25 cannot be cured, prior notice of the dismissal would have afforded [the inmate] no recourse." *Id.* at ¶ 5. *Hall* expressly foreclosed *all* avenues for curing a failure to comply with R.C. 2969.25, including amending the complaint.

{¶ 15} The Eighth District correctly dismissed Swopes's complaint because he failed to comply with R.C. 2969.25(C). Because we affirm the court of appeals' judgment on this basis, it is unnecessary to opine on other alleged defects in his complaint or on whether the complaint stated a cause of action in mandamus.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, and STEWART, JJ., concur.

DONNELLY, J., concurs in judgment only and would decide the case on its merits instead of dismissing it based on a procedural defect.

BRUNNER, J., concurs in judgment only.

_____

Cullen Sweeney, Cuyahoga County Public Defender, and John T. Martin, Assistant Public Defender, for appellant.

Flowers & Grube, Louis E. Grube, Paul W. Flowers, and Melissa A. Ghrist, for appellee.

_____