[Cite as *Thompson v. Cuyahoga Cty. Common Pleas Clerk of Courts*, 2023-Ohio-4547.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

MICHAEL THOMPSON,        :

    Relator,           :

                                        No. 112982

    v.                     :

CLERK OF COURTS, COMMON     :
PLEAS, CUYAHOGA COUNTY,

    Respondent.       :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** COMPLAINT DISMISSED
**DATED:** December 12, 2023

---

Writ of Mandamus
Motion No. 566706
Order No. 569801

---

### *Appearances:*

Michael Thompson, *pro se*.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Owen Knapp, Assistant Prosecuting Attorney, *for respondent*.

LISA B. FORBES, J.:

{¶ 1} Michael Thompson, the relator, has filed a complaint for a writ of mandamus. Thompson seeks an order from this court that requires the Cuyahoga County Clerk of Courts ("Clerk"), the respondent, "[t]o process motion. [T]o stamp

filed motion. Sent [copies] to all [parties]. Let process move forward so Judge Nancy Fuerst can make decision." Sua sponte, we dismiss Thompson's complaint for a writ of mandamus.

{¶ 2} We find that Thompson's complaint for mandamus is procedurally defective for failure to comply with R.C. 2969.25(A) and (C). The Supreme Court of Ohio, with regard to the mandatory requirements of R.C. 2969.25, has held that

> [t]he requirements of R.C. 2969.25 are mandatory and failure to comply with them requires dismissal of an inmate's complaint. *State ex rel. Washington v. Ohio Adult Parole Auth.*, 87 Ohio St.3d 258, 259, 1999 Ohio 53, 719 N.E.2d 544 (1999), citing *State ex rel. Zanders v. Ohio Parole Bd.,* 82 Ohio St.3d 421, 422, 1998 Ohio 218, 696 N.E.2d 594 (1998). As held by the court of appeals, the affidavit required by R.C. 2969.25(A) must be filed at the time the complaint is filed, and an inmate may not cure the defect by later filings. *Fuqua v. Williams*, 100 Ohio St.3d 211, 2003-Ohio-5533, ¶ 9, 797 N.E.2d 982 (an inmate's "belated attempt to file the required affidavit does not excuse his noncompliance. *See* R.C. 2969.25(A), which requires that the affidavit be filed '*[a]t the time that an inmate commences a civil action* or appeal against a government entity or employee'").

(Emphasis sic.) *State ex rel. Hall v. Mohr*, 140 Ohio St.3d 297, 2014-Ohio-3735, 17 N.E.3d 581, ¶ 4. *See also State ex rel. Swopes v. McCormick*, 171 Ohio St.3d 492, 2022-Ohio-4408, 218 N.E.3d 864; *State ex rel. Watkins v. Andrews*, 142 Ohio St.3d 308, 2015-Ohio-1100, 29 N.E.3d 976; *Foster v. State*, 8th Dist. Cuyahoga No. 113109, 2023-Ohio-3254.

{¶ 3} Thompson has failed to file an affidavit of prior civil actions as required by R.C. 2969.25(A). In addition, Thompson has failed to provide a certified copy of the institutional cashier's statement, where he is incarcerated, setting forth the balance in his inmate account as required by R.C. 2969.25(C).

**{¶ 4}** Accordingly, we sua sponte dismiss Thompson's complaint for a writ of mandamus. Costs to Thompson. The court directs the clerk of courts to serve all parties with notice of this judgment and the date of entry upon the journal as required by Civ.R. 58(B).

**{¶ 5}** Complaint dismissed.

_____
LISA B. FORBES, JUDGE

FRANK D. CELEBREZZE, III, P.J., and
MARY J. BOYLE, J., CONCUR