[Cite as *State ex rel. Sajn v. Vogel*, 2024-Ohio-1552.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Michael J. Sajn, | : | |
| Relator, | : | |
| | : | No. 23AP-758 |
| v. | : | |
| Rebecca Vogel, In Her Official Capacity As Hearing Officer for the Ohio Parole Board et al., | : | (REGULAR CALENDAR) |
| | : | |
| Respondents. | : | |

D E C I S I O N

Rendered on April 23, 2024

**On brief:** *Michael J. Sajn,* pro se.

**On brief:** *Dave Yost*, Attorney General, and *George Horvath*, for respondents.

IN MANDAMUS
ON SUA SPONTE DISMISSAL

BOGGS, J.

{¶ 1} Relator, Michael J. Sajn, seeks a writ of mandamus ordering respondent, Rebecca Vogel, in her official capacity as hearing officer for the Ohio Parole Board, to vacate his allegedly unlawfully imposed post-release control, any unlawful sanction time imposed under his post-release control, and to hold a new post-release control violation hearing. For the following reasons, we sua sponte dismiss his petition for writ of mandamus.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate. The magistrate considered the action on its merits and issued a decision, including findings of fact and conclusions of law, which is appended hereto. The magistrate concluded that Sajn failed to provide along with his affidavit of

indigency a statement which set forth the balance in his inmate account in accordance with R.C. 2969.25(C)(1).

{¶ 3} No objections have been filed to the magistrate's decision. "If no timely objections are filed, the court may adopt a magistrate's decision unless the court determines that there is an error of law or other defect evident on the face of the decision." Civ.R. 53(D)(4)(c).

{¶ 4} Upon review, we find no error in the magistrate's findings of fact or conclusions of law. Therefore, we adopt the magistrate's decision, including the findings of fact and the conclusions of law therein, as our own and conclude that Sajn has failed to comply with the mandatory requirements of R.C. 2969.25(C). In accordance with the magistrate's decision, this action is sua sponte dismissed.

*Action dismissed.*

DORRIAN and JAMISON, JJ., concur.

_____

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Michael J. Sajn, | : | |
| Relator, | : | |
| v. | : | No.  23AP-758 |
| | : | |
| Rebecca Vogel, In Her Official Capacity As Hearing Officer for the Ohio Parole Board et al., | : | (REGULAR CALENDAR) |
| | : | |
| Respondents. | : | |
| | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on January 24, 2024

*Michael J. Sajn*, pro se.

IN MANDAMUS
ON SUA SPONTE DISMISSAL

{¶ 5}    Relator, Michael J. Sajn, seeks a writ of mandamus ordering respondents, Rebecca Vogel, in her official capacity as a hearing officer for the Ohio Parole Board ("parole board"), and Shonisha Boley, in her official capacity as a parole officer for the Ohio Adult Parole Authority ("OAPA"), to vacate allegedly unlawfully imposed postrelease control, vacate allegedly unlawful sanction time, and to hold a new postrelease control violation hearing.

**I. Findings of Fact**

{¶ 6}    1. At the time of the filing of this mandamus action, relator was an inmate incarcerated at the Lorain Correctional Institution in Grafton, Ohio.

{¶ 7}   2. Respondents are government employees of the parole board and OAPA. The parole board and OAPA are administrative sections of the Ohio Department of Rehabilitation and Correction ("ODRC").

{¶ 8}   3. On December 21, 2023, relator commenced this mandamus action by filing his complaint.

{¶ 9}   4. In his complaint, relator alleges that prior to his release from a term of imprisonment on July 25, 2013, he was screened for postrelease control. Relator alleged he was not informed by prison authorities he would be placed on postrelease control. Relator states he was never served with any paperwork related to postrelease control, nor did he sign any paperwork for postrelease control, as required by ODRC policies and procedures.

{¶ 10}   According to relator, he was arrested on "drug charges" in 2017 and imprisoned. (Compl. at 3.) Relator states that, following his release from prison on September 25, 2020, the state of Ohio "assumed his parole supervision on November 20, 2023." (Compl. at 3.) Relator alleges the state of Arizona revoked his probation on August 31, 2021, at which time OAPA's supervision of relator terminated. Relator alleges that on August 2, 2023, he was informed he was in violation of his postrelease control and arrested in Ohio. Relator states he was charged with "five counts of Rule 1 violations, two counts of Rule 2 violations, and one count of Rule 3 violation." (Compl. at 5.)

{¶ 11}   Relator claims that he was not on postrelease control in Ohio on August 2, 2023. From this, relator claims that OAPA and ODRC committed due process violations "when they mistakenly placed the Relator on postrelease control, caused his unlawful arrest, and restrained him of his liberty interests with no just cause." (Compl. at 4.) Relator claims that revocation of postrelease control was unlawful because postrelease control was not legally imposed on relator. Further, relator states:

> The mere fact that the Relator was in custody several times in Ohio and Arizona and there was never a parole holder placed on him in regards to the [postrelease control] in question, nor any revocation proceedings initiated in regards to the [postrelease control] in question, is evidence that [postrelease control] was never imposed, or properly implemented in this matter.

(Compl. at 9.)

{¶ 12} Relator seeks relief in the form of a peremptory writ of mandamus ordering respondents to "hold a new parole board hearing in this matter to 'vacate the unlawfully imposed Postrelease control', and to 'vacate any and all unlawful sanction time imposed under the invalid Postrelease control." (Sic passim.) (Compl. at 10.)

## II. Discussion and Conclusions of Law

{¶ 13} R.C. 2969.25(A) and (C) provide procedural requirements for inmates commencing a civil action or appeal against a government entity or employee. *See State ex rel. Foster v. Foley*, 170 Ohio St.3d 86, 2022-Ohio-3168, ¶ 10; *State ex rel. Swanson v. Ohio Dept. of Rehab. & Corr.*, 156 Ohio St.3d 408, 2019-Ohio-1271, ¶ 6. Compliance with the inmate filing requirements of R.C. 2969.25 is mandatory, and failure to comply compels dismissal. *Boles v. Knab*, 129 Ohio St.3d 222, 2011-Ohio-2859, ¶ 1.

{¶ 14} With regard to the requirements for an affidavit of indigency, the statute provides as follows:

> If an inmate who files a civil action or appeal against a government entity or employee seeks a waiver of the prepayment of the full filing fees assessed by the court in which the action or appeal is filed, the inmate shall file with the complaint or notice of appeal an affidavit that the inmate is seeking a waiver of the prepayment of the court's full filing fees and an affidavit of indigency. The affidavit of waiver and the affidavit of indigency shall contain all of the following:
>
> (1) A statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier;
>
> (2) A statement that sets forth all other cash and things of value owned by the inmate at that time.

R.C. 2969.25(C). R.C. 2969.21 provides definitions applicable to R.C. 2969.25. The term "inmate account" is defined as "an account maintained by the department of rehabilitation and correction under rules adopted by the director of rehabilitation and correction pursuant to section 5120.01 of the Revised Code or a similar account maintained by a sheriff or any other administrator of a jail or workhouse or by the administrator of a violation sanction center." R.C. 2969.21(E).

{¶ 15} Substantial compliance with the inmate filing requirements of R.C. 2969.25 is not sufficient. *State ex rel. McGlown v. Mohr*, 10th Dist. No. 14AP-478, 2015-Ohio-1554, ¶ 9, citing *State ex rel. Manns v. Henson*, 119 Ohio St.3d 348, 2008-Ohio-4478, ¶ 4; *State*

*ex rel. Neil v. French*, 153 Ohio St.3d 271, 2018-Ohio-2692, ¶ 7. Nor can a deficiency in compliance with the statutory requirements present at the time of the filing of the complaint be cured at a later date. *State ex rel. Swopes v. McCormick*, 171 Ohio St.3d. 492, 2022-Ohio-4408, ¶ 14 (stating that "*all* avenues for curing a failure to comply with R.C. 2969.25" were "expressly foreclosed") (Emphasis sic.)); *State ex rel. Young v. Clipper*, 142 Ohio St.3d 318, 2015-Ohio-1351, ¶ 9 (stating that failure to comply with the mandatory requirements of R.C. 2969.25 "is not curable by subsequent amendment" and that a "belated attempt to file an affidavit that complies with R.C. 2969.25 does not excuse the noncompliance"); *Fuqua v. Williams*, 100 Ohio St.3d 211, 2003-Ohio-5533, ¶ 9; *Boles* at ¶ 2. Furthermore, the Supreme Court of Ohio has held that a court does not err by sua sponte dismissing a complaint for failing to comply with the inmate filing requirements in R.C. 2969.25. *State ex rel. Bey v. Bur. of Sentence Computation*, 166 Ohio St.3d 497, 2022-Ohio-236, ¶ 19; *State ex rel. Watkins v. Andrews*, 142 Ohio St.3d 308, 2015-Ohio-1100, ¶ 8; *State ex rel. Hall v. Mohr*, 140 Ohio St.3d 297, 2014-Ohio-3735, ¶ 5.

{¶ 16} Here, relator filed with his complaint an affidavit of indigency. Relator's affidavit contained information allegedly certified by the institutional cashier regarding the period of incarceration beginning August 7, 2023. The affidavit contained information related to his inmate account balance as of November 21, 2023, total state pay credited for the report period; average monthly state pay for the report period; total funds received from all sources, excluding state pay, for the report period; and total amount spent in the commissary during the same period. However, relator failed to provide with his affidavit of indigency a statement certified by the institutional cashier that set forth the balance in relator's inmate account for *each* of the preceding six months as required by R.C. 2969.25(C)(1). *See State ex rel. Swanson v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 20AP-151, 2021-Ohio-338, ¶ 7; *State ex rel. Sands v. Lake Cty. Common Pleas Court*, 172 Ohio St.3d 146, 2023-Ohio-2599, ¶ 8; *Greene v. Turner*, 151 Ohio St.3d 513, 2017-Ohio-8305, ¶ 6. Furthermore, the affidavit does not contain a statement that sets forth all other cash and things of value he owns as required by R.C. 2969.25(C)(2). *State ex rel. Armengau v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 15AP-1070, 2017-Ohio-368, ¶ 11. Because relator has failed to fully comply with the mandatory requirements of R.C. 2969.25(C), his complaint must be dismissed. *Id.* at ¶ 13; *Sands* at ¶ 11; *State ex rel. Roden v. Ohio Dept. of*

*Rehab. & Corr.*, 159 Ohio St.3d 314, 2020-Ohio-408, ¶ 9; *State ex rel. Swain v. Ohio Adult Parole Auth.*, 10th Dist. No. 16AP-519, 2017-Ohio-517, ¶ 5.

{¶ 17} Accordingly, it is the decision and recommendation of the magistrate that this mandamus action should be dismissed sua sponte.

/S/ MAGISTRATE
JOSEPH E. WENGER IV

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.