[Cite as *State ex rel. Stevens v. Hoying*, 2024-Ohio-1999.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Jeremy T. Stevens, | : | |
| Relator, | : | |
| v. | : | No. 23AP-768 |
| | : | (REGULAR CALENDAR) |
| Lisa T. Hoying, | : | |
| Respondent. | : | |
| | : | |

D E C I S I O N

Rendered on May 23, 2024

**On brief**: *Jeremy T. Stevens*, pro se.

**On brief**: *Dave Yost*, Attorney General, and *Andrew Gatti*, for respondent.

IN MANDAMUS
ON MOTION TO DISMISS

MENTEL, P.J.

{¶ 1} After the Ohio Parole Board ("OPA") entered an order finding that relator, Jeremy T. Stevens, violated the terms of his post-release control, he commenced this original action requesting a writ of mandamus ordering OPA chair, respondent, Lisa T. Hoying, to vacate the order. Respondent filed a motion to dismiss this action under Civ.R. 12(B)(6), arguing that the affidavit of indigency that Mr. Stevens filed failed to comply with the requirements of R.C. 2969.25(C) governing inmate filings.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate. The magistrate recommends that we grant respondent's motion and dismiss this action because the affidavit and its accompanying documentation is incomplete, and therefore does not satisfy R.C. 2969.25(C).

{¶ 3}    The magistrate's decision informed the parties of their right to file objections to his recommendation under Civ.R. 53(D)(3)(b).  Mr. Stevens filed no objection.  "If no timely objections are filed, the court may adopt a magistrate's decision, unless it determines that there is an error of law or other defect evident on the face of the magistrate's decision." Civ.R. 53(D)(4)(c).  Our review of the magistrate's decision reveals no error of law or other evident defect.  *See, e.g.*, *State ex rel. Alleyne v. Indus. Comm.*, 10th Dist. No. 03AP-811, 2004-Ohio-4223 (adopting the magistrate's decision where no objections filed).  As the magistrate notes, dismissal of an action for failing to comply with the procedural requirements of R.C. 2969.25 is a dismissal without prejudice.

{¶ 4}    Finding no error of law or other defect on the face of the magistrate's decision, we adopt it in its entirety, grant the motion to dismiss, and dismiss this action.

*Motion granted*; *action dismissed.*

BEATTY BLUNT and LELAND, JJ., concur.

_____

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Jeremy T. Stevens, | : | |
| Relator, | : | |
| v. | : | No. 23AP-768 |
| | : | |
| Lisa Hoying, | | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on February 20, 2024

*Jeremy T. Stevens*, pro se.

*Dave Yost*, Attorney General, and *Andrew Gatti*, for respondent.

IN MANDAMUS
ON MOTION TO DISMISS

{¶ 5}  Relator Jeremy T. Stevens seeks a writ of mandamus ordering respondent Lisa Hoying, chair of the Ohio Parole Board ("parole board"), to vacate the order finding relator violated the terms of his postrelease control and to enter an order finding insufficient evidence was presented to find relator guilty of the charged violation. Respondent has filed a motion to dismiss.

## I. Findings of Fact

{¶ 6}  1. At the time of the filing of this action, relator was an inmate incarcerated at the Lorain Correctional Institution in Grafton, Ohio.

{¶ 7}  2. As the chair of the parole board, respondent is a government employee. The parole board is an administrative section of the Ohio Adult Parole Authority

("OAPA"), which itself is an administrative section of the Ohio Department of Rehabilitation and Correction ("ODRC"). *See* R.C. 5149.02.

{¶ 8}  3. On December 22, 2023, relator commenced this action by filing his petition for writ of mandamus.

{¶ 9}  4. In his petition, relator asserts that OAPA "had no right to charge me with a gun," as the gun "was not mine, in a house that was not mine." (Compl. at 2.) Relator states there is no other way to receive the remedy sought in this action because parole board decisions are not appealable. Relator requests the following relief: "That a writ of mandamus issue to the Respondent directing them to take action as follows: to vacate the order finding [relator] violated the terms of post release control and to enter an order finding insufficient evidence was presented to find [relator] guilty of [the] charged violation." (Compl. at 4.)

{¶ 10}  5. Along with his petition, relator filed an affidavit of indigency in which he states that because he is "indigent, unable to pay the Court's full filing fees and security deposit," he "seek[s] a waiver of the payment of the fees and deposit." (Relator's Aff. of Indigency at 2.)

{¶ 11}  6. On January 30, 2024, respondent filed a motion to dismiss.

## II. Discussion and Conclusions of Law

{¶ 12}  Respondent asserts this matter must be dismissed for failure to state a claim upon which relief can be granted pursuant to Civ.R. 12(B)(6) because relator has failed to comply with R.C. 2969.25(C). R.C. 2969.25(A) and (C) provide procedural requirements for inmates commencing a civil action or appeal against a government entity or employee. *See State ex rel. Foster v. Foley*, 170 Ohio St.3d 86, 2022-Ohio-3168, ¶ 10; *State ex rel. Swanson v. Ohio Dept. of Rehab. & Corr.*, 156 Ohio St.3d 408, 2019-Ohio-1271, ¶ 6. Compliance with the inmate filing requirements of R.C. 2969.25 is mandatory, and failure to comply compels dismissal. *Boles v. Knab*, 129 Ohio St.3d 222, 2011-Ohio-2859, ¶ 1.

{¶ 13}  With regard to the requirements for an affidavit of indigency, the statute provides as follows:

> If an inmate who files a civil action or appeal against a government entity or employee seeks a waiver of the prepayment of the full filing fees assessed by the court in which the action or appeal is filed, the inmate shall file with

the complaint or notice of appeal an affidavit that the inmate is seeking a waiver of the prepayment of the court's full filing fees and an affidavit of indigency. The affidavit of waiver and the affidavit of indigency shall contain all of the following:

(1) A statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier;

(2) A statement that sets forth all other cash and things of value owned by the inmate at that time.

R.C. 2969.25(C). R.C. 2969.21 provides definitions applicable to R.C. 2969.25. The term "inmate account" is defined as "an account maintained by the department of rehabilitation and correction under rules adopted by the director of rehabilitation and correction pursuant to section 5120.01 of the Revised Code or a similar account maintained by a sheriff or any other administrator of a jail or workhouse or by the administrator of a violation sanction center." R.C. 2969.21(E).

{¶ 14} Substantial compliance with the inmate filing requirements of R.C. 2969.25 is not sufficient. *State ex rel. McGlown v. Mohr*, 10th Dist. No. 14AP-478, 2015-Ohio-1554, ¶ 9, citing *State ex rel. Manns v. Henson*, 119 Ohio St.3d 348, 2008-Ohio-4478, ¶ 4; *State ex rel. Neil v. French*, 153 Ohio St.3d 271, 2018-Ohio-2692, ¶ 7. Nor can a deficiency in compliance with the statutory requirements present at the time of the filing of the complaint or petition be cured at a later date. *State ex rel. Swopes v. McCormick*, 171 Ohio St.3d. 492, 2022-Ohio-4408, ¶ 14 (stating that "*all* avenues for curing a failure to comply with R.C. 2969.25" were "expressly foreclosed") (Emphasis sic.)); *State ex rel. Young v. Clipper*, 142 Ohio St.3d 318, 2015-Ohio-1351, ¶ 9 (stating that failure to comply with the mandatory requirements of R.C. 2969.25 "is not curable by subsequent amendment" and that a "belated attempt to file an affidavit that complies with R.C. 2969.25 does not excuse the noncompliance"); *Fuqua v. Williams*, 100 Ohio St.3d 211, 2003-Ohio-5533, ¶ 9; *Boles* at ¶ 2. Furthermore, the Supreme Court of Ohio has held that a court does not err by sua sponte dismissing an original action for failure to comply with the inmate filing requirements in R.C. 2969.25. *State ex rel. Bey v. Bur. of Sentence Computation*, 166 Ohio St.3d 497, 2022-Ohio-236, ¶ 19; *State ex rel. Watkins v. Andrews*, 142 Ohio St.3d 308, 2015-Ohio-1100, ¶ 8; *State ex rel. Hall v. Mohr*, 140 Ohio St.3d 297, 2014-Ohio-3735, ¶ 5.

{¶ 15} In this case, relator filed with his petition an affidavit of indigency. Attached to the affidavit of indigency is a form entitled "financial certificate," which indicates that it was "[t]o be completed by the institution of incarceration." (Relator's Aff. of Indigency at 3.) The form contains spaces for the institutional cashier to provide the following information: their name, their signature, and amounts certified to reflect relator's inmate account balance for each of the previous six months. However, these spaces on the form are not completed and the above-listed information does not appear elsewhere in relator's affidavit or petition. Another form attached to relator's affidavit, which is captioned "Court Certification" and appears to have been certified by the institutional cashier, sets forth information including, but not limited to, a total first day balance and average first day balance for the period beginning June 13, 2023 and ending December 13, 2023. However, this form does not set forth relator's inmate account balance for *each* of the preceding six months. Thus, relator's affidavit fails to contain a statement certified by the institutional cashier that sets forth the balance in relator's inmate account for each of the preceding six months as required by R.C. 2969.25(C)(1). *See State ex rel. Swanson v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 20AP-151, 2021-Ohio-338, ¶ 7; *State ex rel. Sands v. Lake Cty. Common Pleas Court*, 172 Ohio St.3d 146, 2023-Ohio-2599, ¶ 8; *Greene v. Turner*, 151 Ohio St.3d 513, 2017-Ohio-8305, ¶ 6.

{¶ 16} Because relator has failed to fully comply with the mandatory requirements of R.C. 2969.25(C) at the time of the filing of his petition, this action must be dismissed. *State ex rel. Armengau v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 15AP-1070, 2017-Ohio-368, ¶ 13; *Sands* at ¶ 11; *State ex rel. Roden v. Ohio Dept. of Rehab. & Corr.*, 159 Ohio St.3d 314, 2020-Ohio-408, ¶ 9; *State ex rel. Swain v. Ohio Adult Parole Auth.*, 10th Dist. No. 16AP-519, 2017-Ohio-517, ¶ 5. Although relator's action must be dismissed for failing to comply with R.C. 2969.25, it is noted that "a dismissal for failure to meet the requirements of R.C. 2969.25 is *not* a dismissal on the merits." (Emphasis added.) *Watkins*, 2015-Ohio-1100, at ¶ 8, citing *Hall*, 2014-Ohio-3735, at ¶ 5.

{¶ 17} Accordingly, it is the decision and recommendation of the magistrate that respondent's motion to dismiss should be granted and this action dismissed.

/S/ MAGISTRATE
JOSEPH E. WENGER IV

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.