[Cite as *State ex rel. King v. Hoying*, 2024-Ohio-2627.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Roy King, III, | : | |
| Relator, | : | |
| | : | No. 23AP-708 |
| v. | : | (REGULAR CALENDAR) |
| Lisa Hoying, Chair of Ohio Parole Board, | : | |
| Respondent. | : | |

D E C I S I O N

Rendered on July 11, 2024

**On brief:** *Roy King*, *III*, pro se.

**On brief:** *Dave Yost*, Attorney General, and *Jennifer A. Driscoll*, for respondent.

IN MANDAMUS
ON MOTIONS

JAMISON, J.

{¶ 1} Relator, Roy King, III, brought this original action seeking a writ of mandamus ordering respondent, Lisa Hoying, in her capacity as the Chair of the Ohio Parole Board, to grant him another parole revocation hearing.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this court referred the matter to a magistrate who has issued a decision including findings of fact and conclusions of law and is appended hereto.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 3} King was an inmate at the Lorain Correctional Institution at the time he filed this action on November 30, 2023. King suggests his parole was improperly revoked and asserts a variety of reasons why he is entitled to a new hearing.

{¶ 4} On December 18, 2023, respondent filed a motion to dismiss King's complaint, pursuant to Civ.R. 12(B)(6), for failure to state a claim upon which relief can be granted. On December 20, 2023, King filed a motion to supplement his complaint.

{¶ 5} On January 19, 2024, the magistrate issued a decision granting respondent's motion to dismiss due to King's failure to comply with R.C. 2969.25(C). On January 24, 2024, King filed a motion for summary judgment and a motion to compel discovery. King did not file objections to the magistrate's decision.

{¶ 6} On March 15, 2024, respondent requested that the time to respond to King's motion be stayed pending our review of the magistrate's decision, and we granted the motion on March 19, 2024.

## II. LEGAL ANALYSIS

{¶ 7} Civ.R. 53(D)(3)(b)(i) provides that:

> A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i). If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed. If a party makes a timely request for findings of fact and conclusions of law, the time for filing objections begins to run when the magistrate files a decision that includes findings of fact and conclusions of law.

{¶ 8} Pursuant to Civ.R. 53(D)(4)(c), "[i]f no timely objections are filed, the court may adopt a magistrate's decision, unless it determines that there is an error of law or other defect evident on the face of the magistrate's decision."

{¶ 9} Accordingly, we find no error of law or other defect on the face of the magistrate's decision, and adopt the magistrate's decision as our own, including the findings of fact and conclusions of law. *State ex rel. Ball v. Indus. Comm.*, 10th Dist. No. 16AP-446, 2017-Ohio-1381. In accordance with the magistrate's decision, we grant respondent's motion and dismiss King's petition for a writ of mandamus. King's December 20, 2023 motion to supplement and his January 24, 2024 motions for summary judgment and to compel discovery are hereby rendered moot.

*Motion to dismiss granted;*
*motions to supplement, for summary judgment, and to compel discovery are moot;*
*writ of mandamus dismissed.*

DORRIAN and BOGGS, JJ., concur.

———————————

# APPENDIX

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Roy King III, | : | |
| Relator, | : | |
| v. | : | No. 23AP-708 |
| | : | |
| Lisa Hoying, Chair of Ohio Parole Board, | : | (REGULAR CALENDAR) |
| Respondent. | : | |
| | : | |

---

### M A G I S T R A T E ' S   D E C I S I O N

### Rendered on January 19, 2024

---

*Roy King III*, pro se.

*Dave Yost*, Attorney General, and *Jennifer A. Driscoll*, for respondent.

---

### IN MANDAMUS
### ON MOTION TO DISMISS

{¶ 10} Relator, Roy King III, seeks a writ of mandamus ordering respondent, Lisa Hoying, Chair of Ohio Parole Board ("parole board"), to grant him another parole revocation hearing and to find him not guilty of the alleged violations. Respondent has filed a motion to dismiss.

## I. Findings of Fact

{¶ 11} 1. At the time of the filing of this mandamus action, relator was an inmate incarcerated at the Lorain Correctional Institution in Grafton, Ohio.

{¶ 12} 2. Respondent is a government employee of the parole board. The parole board is an administrative section of the Ohio Department of Rehabilitation and Correction ("ODRC").

{¶ 13} 3. On November 30, 2023, relator commenced this mandamus action by filing his petition.

{¶ 14} 4. In his petition, relator alleges he sent communications regarding due process violations at his revocation hearing, including insufficient evidence to support a finding of guilt. Relator states that he "was never around any drugs or gun at all" and that "[e]verybody was caught lying at [the] hearing." (Petition at 2.) Among other cited authority, relator states that he is entitled to relief based on the following: R.C. 2967.131; R.C. 2967.15; R.C. 2951.02; Ohio Constitution, Article 1, Section 16; and Ohio Adm. Code 5120:1-1-18. (Petition at 3.) Relator states he has no adequate remedy at law. Relator requests a writ of mandamus directing respondent to grant him another revocation hearing and to find him not guilty of the alleged violations in addition to any other relief to which he is entitled due to insufficient evidence that he was around a weapon or drugs. (Petition at 4.)

{¶ 15} 5. Attached to relator's petition was an affidavit of indigency. The affidavit of indigency does not contain a statement that sets forth the balance in relator's inmate account for each of the preceding six months, as certified by the institutional cashier.

{¶ 16} 6. On December 18, 2023, respondent filed a motion to dismiss pursuant to Civ.R. 12(B)(6).

{¶ 17} 7. On December 20, 2023, relator filed a motion to supplement complaint.

## II. Discussion and Conclusions of Law

{¶ 18} Respondent asserts that relator's petition must be dismissed for failure to comply with R.C. 2969.25(C). R.C. 2969.25(A) and (C) provide procedural requirements for inmates commencing a civil action or appeal against a government entity or employee. *See State ex rel. Foster v. Foley*, 170 Ohio St.3d 86, 2022-Ohio-3168, ¶ 10; *State ex rel. Swanson v. Ohio Dept. of Rehab. & Corr.*, 156 Ohio St.3d 408, 2019-Ohio-1271, ¶ 6. Compliance with the inmate filing requirements of R.C. 2969.25 is mandatory, and failure to comply compels dismissal. *Boles v. Knab*, 129 Ohio St.3d 222, 2011-Ohio-2859, ¶ 1.

{¶ 19} With regard to the requirements for an affidavit of indigency, the statute provides as follows:

> If an inmate who files a civil action or appeal against a government entity or employee seeks a waiver of the prepayment of the full filing fees assessed by the court in which the action or appeal is filed, the inmate shall file with the complaint or notice of appeal an affidavit that the inmate is seeking a waiver of the prepayment of the court's full filing fees and an affidavit of indigency. The

> affidavit of waiver and the affidavit of indigency shall contain all of the following:
>
> (1) A statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier;
>
> (2) A statement that sets forth all other cash and things of value owned by the inmate at that time.

R.C. 2969.25(C). R.C. 2969.21 provides definitions applicable to R.C. 2969.25. The term "inmate account" is defined as "an account maintained by the department of rehabilitation and correction under rules adopted by the director of rehabilitation and correction pursuant to section 5120.01 of the Revised Code or a similar account maintained by a sheriff or any other administrator of a jail or workhouse or by the administrator of a violation sanction center." R.C. 2969.21(E).

{¶ 20} Substantial compliance with the inmate filing requirements of R.C. 2969.25 is not sufficient. *State ex rel. McGlown v. Mohr*, 10th Dist. No. 14AP-478, 2015-Ohio-1554, ¶ 9, citing *State ex rel. Manns v. Henson*, 119 Ohio St.3d 348, 2008-Ohio-4478, ¶ 4; *State ex rel. Neil v. French*, 153 Ohio St.3d 271, 2018-Ohio-2692, ¶ 7. Nor can a deficiency in compliance with the statutory requirements present at the time of the filing of the complaint be cured at a later date. *State ex rel. Swopes v. McCormick*, 171 Ohio St.3d. 492, 2022-Ohio-4408, ¶ 14 (stating that "*all* avenues for curing a failure to comply with R.C. 2969.25" were "expressly foreclosed") (Emphasis sic.)); *State ex rel. Young v. Clipper*, 142 Ohio St.3d 318, 2015-Ohio-1351, ¶ 9 (stating that failure to comply with the mandatory requirements of R.C. 2969.25 "is not curable by subsequent amendment" and that a "belated attempt to file an affidavit that complies with R.C. 2969.25 does not excuse the noncompliance"); *Fuqua v. Williams*, 100 Ohio St.3d 211, 2003-Ohio-5533, ¶ 9; *Boles* at ¶ 2. Furthermore, the Supreme Court of Ohio has held that a court does not err by sua sponte dismissing a complaint for failing to comply with the inmate filing requirements in R.C. 2969.25. *State ex rel. Bey v. Bur. of Sentence Computation*, 166 Ohio St.3d 497, 2022-Ohio-236, ¶ 19; *State ex rel. Watkins v. Andrew*s, 142 Ohio St.3d 308, 2015-Ohio-1100, ¶ 8; *State ex rel. Hall v. Mohr*, 140 Ohio St.3d 297, 2014-Ohio-3735, ¶ 5.

{¶ 21} Here, relator filed with his complaint an affidavit of indigency. Attached to the affidavit was a form allegedly certified by the institutional cashier. It was indicated on the form that the time period being reported was "[s]ix months." (Aff. of Indigency at 3.) The form contained information related to relator's inmate account balance as of October 17, 2023, total

state pay credited for the report period; average monthly state pay for the report period; total funds received from all sources, excluding state pay, for the report period; and total amount spent in the commissary during the same period. Additionally, relator attached to his petition a form allegedly signed by the institutional cashier detailing various financial information beginning April 17, 2023 and ending October 17, 2023. This form included information from the specified time period on the total deposits, average monthly deposits, total first day balances, average first day balances, total pay, average total pay monthly, and total commissary expenditure.

{¶ 22} Relator, however, failed to provide with his affidavit of indigency a statement certified by the institutional cashier that sets forth the balance in relator's inmate account for *each* of the preceding six months as required by R.C. 2969.25(C)(1). *See State ex rel. Swanson v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 20AP-151, 2021-Ohio-338, ¶ 7; *State ex rel. Sands v. Lake Cty. Common Pleas Court*, 172 Ohio St.3d 146, 2023-Ohio-2599, ¶ 8; *Greene v. Turner*, 151 Ohio St.3d 513, 2017-Ohio-8305, ¶ 6. Furthermore, relator's affidavit does not contain a statement that sets forth all other cash and things of value he owns as required by R.C. 2969.25(C)(2). *State ex rel. Armengau v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 15AP-1070, 2017-Ohio-368, ¶ 11. Because relator has failed to fully comply with the mandatory requirements of R.C. 2969.25(C), his complaint must be dismissed. *Id.* at ¶ 13; *Sands* at ¶ 11; *State ex rel. Roden v. Ohio Dept. of Rehab. & Corr.*, 159 Ohio St.3d 314, 2020-Ohio-408, ¶ 9; *State ex rel. Swain v. Ohio Adult Parole Auth.*, 10th Dist. No. 16AP-519, 2017-Ohio-517, ¶ 5.

{¶ 23} Accordingly, it is the decision and recommendation of the magistrate that respondent's motion to dismiss should be granted and relator's petition dismissed. Relator's December 20, 2023 motion to supplement complaint is rendered moot.

/S/ MAGISTRATE
JOSEPH E. WENGER IV

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.