**[Cite as *State ex rel. Holbrook v. Indus. Comm.*, 2024-Ohio-5283.]**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State ex rel. Dion Earl Thaler,                    :

       Relator,                                       :

v.                                                                              No.  24AP-407

                                   :

Jennifer Pribe, In her Official Capacity as            (REGULAR CALENDAR)
Hearing Officer for the Ohio Parole Board,    :

       Respondent.                                 :

D E C I S I O N

Rendered on November 5, 2024

**On brief:** *Dion Earl Thaler*, pro se.

**On brief:** *Dave Yost*, Attorney General, and *Jennifer A. Driscoll*, for respondent.

IN MANDAMUS
ON RESPONDENT'S MOTION TO DISMISS

BEATTY BLUNT, J.

{¶ 1}   Relator, Dion Earl Thaler, requests a writ of mandamus ordering respondent, Jennifer Pribe, who is sued in her official capacity as a hearing officer for the Ohio Parole Board ("parole board"), to vacate the order finding relator violated the terms of his postrelease control and to enter an order finding insufficient evidence was presented to find relator guilty of the charged violation.  Respondent has filed a motion to dismiss relator's petition.

{¶ 2}   Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate.  The magistrate considered the action on its merits and issued a decision, including findings of fact and conclusions of law, which is appended hereto.  The magistrate concluded that relator has failed to comply with the requirements

of R.C. 2969.25. Specifically, the magistrate found relator failed to file a cashier's statement with all of the information required by R.C. 2969.25(C)(1). Accordingly, the magistrate recommended this court grant the motion to dismiss filed by respondent and dismiss relator's action.

{¶ 3} No objections have been filed to the magistrate's decision. "If no timely objections are filed, the court may adopt a magistrate's decision, unless it determines that there is an error of law or other defect evident on the face of the magistrate's decision." Civ.R. 53(D)(4)(c).

{¶ 4} Upon review, we have found no error in the magistrate's findings of fact or conclusions of law or other defect evident on the face of the magistrate's decision. Therefore, we adopt the magistrate's decision as our own, including the findings of fact and the conclusions of law therein, and conclude that relator has not shown he is entitled to a writ of mandamus and his action must be dismissed.

*Writ of mandamus denied;*
*action dismissed.*

MENTEL, P.J., and LUPER SCHUSTER, J., concur.

_____

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Dion Earl Thaler, | : | |
| Relator, | : | |
| v. | : | No. 24AP-407 |
| | : | |
| Jennifer Pribe, In her Official Capacity as | | (REGULAR CALENDAR) |
| Hearing Officer for the Ohio Parole Board, | : | |
| Respondent. | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on August 6, 2024

*Dion Earl Thaler*, pro se.

*Dave Yost*, Attorney General, and *Jennifer A. Driscoll*, for respondent.

IN MANDAMUS
ON RESPONDENT'S MOTION TO DISMISS

**{¶ 5}** Relator Dion Earl Thaler requests a writ of mandamus ordering respondent Jennifer Pribe, who is sued in her official capacity as a hearing officer for the Ohio Parole Board ("parole board"), to vacate the order finding relator violated the terms of his postrelease control and to enter an order finding insufficient evidence was presented to find relator guilty of the charged violation.

**I. Findings of Fact**

**{¶ 6}** 1. Relator commenced this original action by filing his petition for writ of mandamus on July 1, 2024.

**{¶ 7}** 2. At the time this action was filed, relator was an inmate incarcerated at the Lorrain Correctional Institution in Grafton, Ohio.

{¶ 8}    3. The parole board is an administrative section of the Adult Parole Authority ("APA"), which itself is a bureau-level administrative section of the Division of Parole and Community Services of the Ohio Department of Rehabilitation and Correction ("ODRC"). *See* R.C. 5149.02. The parole board is a government entity for purposes of R.C. 2969.21 et seq.

{¶ 9}    4. As an employee of the parole board, respondent Pribe is a government employee for purposes of R.C. 2969.21 et seq.

{¶ 10}    5. In his petition, relator claims the APA failed to present sufficient evidence that relator violated Rule 4 of the conditions of supervision for postrelease control, which allegedly prohibited relator from purchasing, possessing, owning, using, or having under his control any firearms, among other listed prohibitions. Relator alleges that he "was merely posing in a photograph with a family member, who the [APA] claims has a firearm in his waistband." (Petition at 8.) Relator alleges that the APA "presented no evidence that [sic] (1) that the firearm was real or operable, and not simply a water gun used as a photo prop, (2) that the Relator had access to the alleged firearm, and (3) that the alleged firearm was any type of 'gun' at all." (Petition at 8.)

{¶ 11}    6. Relator also claims the APA failed to present sufficient evidence that relator violated Rule 1 of the conditions of supervision for postrelease control, which allegedly required relator to obey all federal, state, and local laws, and to have no contact with the victim of his current offense or any person who has an active protection order against him. According to relator, the alleged victim "fabricated a complaint for threats and assault" against relator. (Petition at 10.) In addition to his claims regarding the sufficiency of the evidence, relator claims he was provided ineffective assistance of counsel in the postrelease control violation proceedings.

{¶ 12}    7. Relator argues in his petition that respondent was under a clear legal duty to afford relator all due process requirements before terminating his liberty interest by revoking his postrelease control. Relator also argues respondent was under a clear legal duty to "ensure that 'sufficient evidence' was presented at the violation hearing to prove beyond a preponderance of the evidence that the Relator in fact committed violations of the rules set forth in the 'conditions of supervision' he signed" when he was placed on postrelease control following release from incarceration. (Petition at 2.)

{¶ 13}  8. On July 15, 2024, respondent filed a motion to dismiss relator's petition pursuant to Civ.R. 12(B)(1) and (6).

## II. Discussion and Conclusions of Law

{¶ 14}  Respondent argues in the motion to dismiss that relator's petition must be dismissed for failing to comply with R.C. 2969.25. R.C. 2969.25(A) and (C) provide procedural requirements for inmates commencing a civil action or appeal against a government entity or employee. *See State ex rel. Foster v. Foley*, 170 Ohio St.3d 86, 2022-Ohio-3168, ¶ 10; *State ex rel. Swanson v. Ohio Dept. of Rehab. & Corr.*, 156 Ohio St.3d 408, 2019-Ohio-1271, ¶ 6. These procedural requirements include an affidavit of prior civil actions under R.C. 2969.25(A) and an affidavit of waiver and affidavit of indigency under R.C. 2969.25(C).

{¶ 15}  With regard to the requirements for an affidavit of indigency, R.C. 2969.25(C) provides as follows:

> If an inmate who files a civil action or appeal against a government entity or employee seeks a waiver of the prepayment of the full filing fees assessed by the court in which the action or appeal is filed, the inmate shall file with the complaint or notice of appeal an affidavit that the inmate is seeking a waiver of the prepayment of the court's full filing fees and an affidavit of indigency. The affidavit of waiver and the affidavit of indigency shall contain all of the following:
>
> (1) A statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier;
>
> (2) A statement that sets forth all other cash and things of value owned by the inmate at that time.

R.C. 2969.25(C).

{¶ 16}  R.C. 2969.21 provides definitions applicable to R.C. 2969.25. The term "inmate account" is defined as "an account maintained by the department of rehabilitation and correction under rules adopted by the director of rehabilitation and correction pursuant to section 5120.01 of the Revised Code or a similar account maintained by a sheriff or any other administrator of a jail or workhouse or by the administrator of a violation sanction center." R.C. 2969.21(E).

{¶ 17}  Compliance with the inmate filing requirements of R.C. 2969.25 is mandatory, and failure to comply compels dismissal. *Boles v. Knab*, 129 Ohio St.3d 222,

2011-Ohio-2859, ¶ 1. Substantial compliance with R.C. 2969.25 is not sufficient. *State ex rel. Neil v. French*, 153 Ohio St.3d 271, 2018-Ohio-2692, ¶ 7. Nor can a deficiency in compliance with the statutory requirements present at the time of the filing of the complaint or petition be cured at a later date. *State ex rel. Swopes v. McCormick*, 171 Ohio St.3d. 492, 2022-Ohio-4408, ¶ 14 (stating that "*all* avenues for curing a failure to comply with R.C. 2969.25" were "expressly foreclosed") (Emphasis sic.)); *State ex rel. Young v. Clipper*, 142 Ohio St.3d 318, 2015-Ohio-1351, ¶ 9 (stating that failure to comply with the mandatory requirements of R.C. 2969.25 "is not curable by subsequent amendment" and that a "belated attempt to file an affidavit that complies with R.C. 2969.25 does not excuse the noncompliance"); *Fuqua v. Williams*, 100 Ohio St.3d 211, 2003-Ohio-5533, ¶ 9; *Boles* at ¶ 2.

{¶ 18} Relator's petition is subject to dismissal for failure to comply with the inmate filing requirements in R.C. 2969.25(C)(1). Alongside his petition, relator filed an affidavit of indigency in which he states that he "does not have sufficient funds to pay the filing fee and other costs of prosecuting this complaint." (Relator's Aff. of Indigency at 1.) Relator's affidavit contained a report purportedly certified by the institutional cashier that provided certain information concerning relator's inmate account. The report, which covered a period of fewer than six months beginning on December 21, 2023 through June 4, 2024, included information on the following: relator's account balance as of the report date, total state pay for the report period, average monthly state pay for the report period, total funds received from all sources excluding state pay for the report period, and total amount spent in the inmate's commissary during the same period. Also attached to the affidavit was another document purportedly certified by the institutional cashier that included the following information regarding relator's inmate account: total deposits, average monthly deposits, total first day balances, average first day balances, account balance, total pay deposits, average total pay monthly deposits, and total amount spent in inmate's commissary. Although relator's affidavit and attached documentation provide detailed information on relator's inmate account, the affidavit does not contain a statement certified by the institutional cashier that sets forth the balance in relator's inmate account for *each* of the preceding six months as required by R.C. 2969.25(C)(1). *See State ex rel. Roden v. Ohio Dept. of Rehab. & Corr.*, 159 Ohio St.3d 314, 2020-Ohio-408, ¶ 9 (finding that although the inmate's affidavit of indigency contained information including "a cashier's

statement listing the balance in his inmate account * * *, the total amount he had earned through state pay for the preceding six months, and the total amount he had spent in his commissary during the same period," his complaint was correctly dismissed pursuant to R.C. 2969.25(C)(1) because his "affidavit of indigency [did] not include a statement setting forth the balance in his inmate account for *each* of the preceding six months." (Emphasis sic.)); *State ex rel. Swanson v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 20AP-151, 2021-Ohio-338, ¶ 7 (explaining calculation of six-month period); *State ex rel. Sands v. Lake Cty. Common Pleas Court*, 172 Ohio St.3d 146, 2023-Ohio-2599, ¶ 8; *Greene v. Turner*, 151 Ohio St.3d 513, 2017-Ohio-8305, ¶ 6.

{¶ 19} Because relator has failed to fully comply with the mandatory requirements of R.C. 2969.25 at the time of the filing of his petition, this action must be dismissed. *Roden* at ¶ 9. Though relator's action must be dismissed for failing to comply with R.C. 2969.25, it is noted that "a dismissal for failure to meet the requirements of R.C. 2969.25 is *not* a dismissal on the merits." (Emphasis added.) *Watkins*, 2015-Ohio-1100, at ¶ 8, citing *Hall*, 2014-Ohio-3735, at ¶ 5. Accordingly, it is the decision and recommendation of the magistrate that this court should grant respondent's motion to dismiss and dismiss relator's petition.


/S/ MAGISTRATE
JOSEPH E. WENGER IV


**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.