[Cite as *State v. Thomas*, 2023-Ohio-1668.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO, :

    Plaintiff-Appellant, :

                                 No. 111703

    v. :

JEFFERY THOMAS, :

    Defendant-Appellee. :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED IN PART AND REMANDED
**RELEASED AND JOURNALIZED:** May 18, 2023

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-21-658493-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Gregory J. Ochocki, Assistant Prosecuting Attorney, *for appellant.*

Cullen Sweeney, Cuyahoga County Public Defender, and John T. Martin, Assistant Public Defender, *for appellee.*

EILEEN A. GALLAGHER, P.J.:

{¶ 1} Plaintiff-appellant the state of Ohio appeals the sentence imposed on defendant-appellee Jeffery Thomas for attempted felonious assault with a one-year

firearm specification. The state argues that the trial court improperly applied jail-time credit to the mandatory prison term imposed on the firearm specification.

{¶ 2} For the reasons that follow, we reverse the trial court's judgment, in part, and remand the case for a limited resentencing, with instructions that the trial court vacate the portion of Thomas' sentence that applies jail-time credit to the mandatory prison term imposed on the firearm specification and issue a new sentencing journal entry that does not include a request to apply jail-time credit to the mandatory prison term imposed on the firearm specification.

**Factual Background and Procedural History**

{¶ 3} On April 15, 2021, a Cuyahoga County Grand Jury indicted Jeffery Thomas on three counts: one count of felonious assault with one-, three- and five-year firearm specifications and notice-of-prior-conviction, repeat-violent-offender and forfeiture-of-weapon specifications (Count 1); one count of having a weapon while under disability with a forfeiture-of-weapon specification (Count 2) and one count of improperly handling firearms in a motor vehicle with a forfeiture-of-weapon specification (Count 3).

{¶ 4} The parties reached a plea agreement. Thomas pled guilty to an amended count of attempted felonious assault in violation of R.C. 2903.11(A)(2)/2923.02, a third-degree felony, with a one-year firearm specification and a forfeiture-of-weapon specification (amended Count 1) and one count of having a weapon while under disability in violation of R.C. 2923.13(A)(2), a third-degree

felony, with a forfeiture-of-weapon specification (Count 2). In exchange for Thomas' guilty pleas, the remaining count was nolled.

{¶ 5} On June 6, 2022, the trial court sentenced Thomas to an aggregate prison term of four years. On Count 1, as amended, the trial court sentenced Thomas to one year on the firearm specification to be served prior to, and consecutive with 36 months on the underlying offense. On Count 2, the trial court sentenced Thomas to 24 months, to be served concurrently with the sentence imposed on Count 1.[1] The trial court credited Thomas with 430 days of jail-time credit.[2]

{¶ 6} At the sentencing hearing, Thomas' counsel made the following request:

> I'm going to ask you a couple of things and I know this has been done before because of COVID. He's got [a] firearm specification in 658493, and I believe these cases would have been resolved much sooner had we not been in the COVID situation. And I'd ask the Court to consider crediting the time that he served in the county jail, that year, towards that time. I think that's fair and proper under the COVID circumstances, Judge.

{¶ 7} The trial court addressed the request as follows during the sentencing hearing:

> Due to the COVID pandemic and its effect on the criminal justice system, I will put in the journal entry, and I hope that the ODRC complies with this order, Mr. Thomas will receive credit that he spent in the county jail to be applied towards the mandatory one-year firearm specification.

---

[1] The sentences were also ordered to be served concurrently with sentences imposed in two other cases, CR-20-653007-A and CR-21-658838-A.

[2] The parties do not dispute the amount of jail-time credit credited by the trial court.

{¶ 8} The state objected to the allocation of jail-time credit to the firearm specification. Consistent with its statement at the sentencing hearing, in its June 7, 2022 sentencing journal entry, the trial court included a request that jail-time credit be applied to the one-year firearm specification as follows: "Due to COVID pandemic, court is requesting jail time credit to be applied to 1 year firearm spec."

{¶ 9} The state sought leave to appeal pursuant to App.R. 5(C) and R.C. 2945.67. On August 27, 2022, this court granted the state's motion for leave to appeal. The state raises the following sole assignment of error for review:

> The trial court erred when it requested that defendant's jail-time credit be applied to the portion of the sentence imposed for a firearm specification.

**Law and Analysis**

{¶ 10} The state argues that, pursuant to R.C. 2929.14(B) and the Ohio Supreme Court's decision in *State v. Moore*, 154 Ohio St.3d 94, 2018-Ohio-3227, 111 N.E.3d 1146, jail-time credit cannot be applied toward the portion of a sentence imposed for a firearm specification. The state asks us to reverse the trial court's decision and remand the matter "for a limited resentencing hearing to vacate the portion of Thomas' sentence applying jail-time credit to the mandatory prison sentence imposed for the firearm specification."

{¶ 11} Thomas responds that the state's appeal should be dismissed because (1) the issue is not ripe for review unless and until the trial court grants Thomas judicial release before Thomas serves "an actual one year in prison," i.e., the length of the mandatory term, and (2) we lack jurisdiction to hear this appeal because the

trial court did not "decide" to apply jail-time credit to the sentence imposed for the firearm specification but only "request[ed]" that the Ohio Department of Rehabilitation and Correction do so.

{¶ 12} This court recently addressed each of these same issues in full in *State v. Mims*, 8th Dist. Cuyahoga No. 111780, 2023-Ohio-1044. For the reasons set forth in *Mims*, we find that the issue is ripe for review, that we have jurisdiction to hear this appeal and that the trial court's sentence is contrary to law to the extent it applies jail-time credit to the mandatory prison term imposed for the firearm specification. *Id.* at ¶ 12-39.

{¶ 13} Because the trial court's application of jail-time credit is contrary to law, we sustain the state's assignment of error.

{¶ 14} We reverse the trial court's judgment, in part, and remand this matter for a limited resentencing. On remand, the trial court is directed to vacate the portion of Thomas' sentence that applies jail-time credit to the mandatory prison term imposed on the firearm specification and issue a new sentencing journal entry that does not include a request to apply jail-time credit to the mandatory prison term imposed on the firearm specification but instead applies that credit to the underlying felony sentence. *See id.* at ¶ 41.

{¶ 15} Judgment reversed in part and remanded.

It is ordered that appellant recover from appellee the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, PRESIDING JUDGE

MICHAEL JOHN RYAN, J., and
SEAN C. GALLAGHER, J., CONCUR