[Cite as *State v. Hempstead*, 2024-Ohio-1474.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

STATE OF OHIO,                            :

    Plaintiff-Appellant,              :

                                                               No. 113051

    v.                                :

XAVIER HEMPSTEAD,                         :

    Defendant-Appellee.               :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** April 18, 2024

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-21-664784-B

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Carl J. Mazzone, Assistant Prosecuting Attorney, *for appellant.*

Cullen Sweeney, Cuyahoga County Public Defender, and John T. Martin, Assistant Public Defender, *for appellee.*

EILEEN T. GALLAGHER, J.:

{¶ 1} Appellant, the state of Ohio (the "state"), appeals from the trial court's calculation of jail-time credit in Cuyahoga C.P. No. CR-21-664784-B. The state raises the following assignment of error for review:

1. The trial court erred when it applied 374 days of jail-time credit against a mandatory prison term for a firearm specification.

{¶ 2} After careful review of the record and relevant case law, we vacate the trial court's jail-time credit calculation and remand the matter for a limited resentencing hearing.

## I. Procedural and Factual History

{¶ 3} In November 2021, defendant-appellee, Xavier Hempstead ("Hempstead"), was named in a five-count indictment, charging him with aggravated murder in violation of R.C. 2903.01(A), with one- and three-year firearm specifications (Count 1); murder in violation of R.C. 2903.02(A), with one- and three-year firearm specifications (Count 2); murder in violation of R.C. 2903.02(B), with one- and three-year firearm specifications (Count 3); felonious assault in violation of R.C. 2903.11(A)(1), with one- and three-year firearm specifications (Count 4); and felonious assault in violation of R.C. 2903.11(A)(2), with one- and three-year firearm specifications (Count 5). The indictment stemmed from allegations that Hempstead participated in the shooting death of Darius Cruz on September 25, 2021.

{¶ 4} In June 2023, Hempstead accepted the terms of a negotiated plea agreement with the state and pleaded guilty to a single count of involuntary manslaughter, with a one-year firearm specification. At the time of sentencing, the trial court ordered Hempstead to serve one year in prison on the firearm specification, to run prior and consecutive to an indefinite prison term of three-to four and one-half years on the underlying offense of involuntary manslaughter. The

trial court awarded Hempstead 374 days of jail-time credit. Over the state's objection, the court further granted Hempstead's motion to order the Ohio Department of Rehabilitation and Correction ("ODRC") to apply the jail-time credit to the one-year firearm specification.

{¶ 5} The state now appeals.

## II. Law and Analysis

{¶ 6} In the sole assignment of error, the state argues the trial court erred when it applied 374 days of jail-time credit against a mandatory prison term for a firearm specification.

{¶ 7} We review felony sentences under the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 21. Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, or otherwise modify a sentence or vacate a sentence and remand for resentencing if it "clearly and convincingly" finds that (1) the record does not support certain of the sentencing court's findings or (2) the sentence is "otherwise contrary to law." "'Clear and convincing evidence is that measure or degree of proof * * * which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *State v. Franklin*, 8th Dist. Cuyahoga No. 107482, 2019-Ohio-3760, ¶ 29, quoting *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶ 8} Ohio law allows for the additional punishment of an offender when a firearm is involved in the offense. R.C. 2929.14(B). This is accomplished through a

"specification," which must be set forth in the indictment for the underlying felony. *See, e.g.,* R.C. 2941.141. As relevant here, an offender who had a firearm on his person or under his control while committing the offense is subject to a one-year prison term for the specification. *Id.*; R.C. 2929.14(B)(1)(a)(iii). A sentence for a specification must be served consecutively to and prior to any sentence for the underlying felony offense. R.C. 2929.14(C)(1)(a).

{¶ 9} The prison term for the firearm specification is mandatory. R.C. 2929.14(B)(1)(a). Moreover, the term "*shall not* be reduced pursuant to section 2967.19 [petition for early release], section 2929.20 [petition for judicial release], section 2967.193 [earned days of credit], *or any other provision of Chapter 2967* or Chapter 5120 of the Revised Code." (Emphasis added.) R.C. 2929.14(B)(1)(b).

{¶ 10} In this case, Hempstead sought to have the time he spent in the county jail credited toward his sentence pursuant to R.C. 2967.191 ("the jail-time-credit provision"). (Tr. 87-88.) According to the provision,

> [t]he department of rehabilitation and correction shall reduce the stated prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial * * * as determined by the sentencing court.

R.C. 2967.191.

{¶ 11} The jail-time-credit provision plainly constitutes "any other provision of Chapter 2967" as contemplated under R.C. 2929.14(B)(1)(b). Recognizing this, the Ohio Supreme Court has held that a defendant is "not entitled to have his [or

her] jail-time credit applied toward the portion of [the] sentence that was imposed for firearm specifications." *State v. Moore*, 154 Ohio St.3d 94, 2018-Ohio-3237, 111 N.E.3d 1146, ¶ 32. Applying the unambiguous holding of *Moore*, we find the trial court's application of jail-time credit in this case is contrary to law. Our conclusion is consistent with prior decisions of this court. *See State v. Mims*, 8th Dist. Cuyahoga No. 111780, 2023-Ohio-1044, ¶ 32; *State v. Thomas*, 8th Dist. Cuyahoga No. 111703, 2023-Ohio-1668, ¶ 13.

{¶ 12} The sole assignment of error is sustained.

{¶ 13} We reverse the trial court's judgment, in part, and remand this matter for a limited resentencing hearing.[1] On remand, the trial court is directed to vacate the portion of Hempstead's sentence that applies jail-time credit to the mandatory prison term imposed on the firearm specification and issue a new sentencing journal entry that applies the credit to the underlying felony sentence.

{¶ 14} Judgment reversed in part and remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

---

[1] We decline the parties' invitation for a de novo resentencing hearing where, as here, the remaining portions of the defendant's sentence complied with the applicable sentencing statutes.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, JUDGE

EILEEN A. GALLAGHER, P.J., and
MICHAEL JOHN RYAN, J., CONCUR