[Cite as *State ex rel. Dews v. Dept. of Rehab. & Corr., Bur. of Sentence Computation*, 2024-Ohio-3259.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Melvin Dews, | : | |
| Relator, | : | No. 24AP-212 |
| v. | : | (REGULAR CALENDAR) |
| ODRC/Bureau of Sentence Computation, | : | |
| Respondent. | : | |

D E C I S I O N

Rendered on August 27, 2024

**On brief:** *Melvin Dews*, pro se.

**On brief:** *Dave Yost*, Attorney General, *Andrew T. Gatti*, and *John H. Bates* for respondent.

IN MANDAMUS

EDELSTEIN, J.

{¶ 1} On March 25, 2024, relator filed a complaint in the instant mandamus action, seeking a writ of mandamus to direct respondent, the Bureau of Sentence Computation within the Ohio Department of Rehabilitation and Correction, to "correct its record to reflect the sentence actually imposed by the court of common pleas." (Compl. at 1.) Specifically, he wishes to compel respondent to apply jail-time credit noted in the sentencing entry from his Hamilton County criminal case to the mandatory portion of his prison sentence imposed by the trial court for a firearm specification.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate, and on April 9, 2024, respondent filed a motion to dismiss relator's complaint asserting he failed to file an affidavit of prior civil actions in compliance with R.C. 2969.25(A), and his legal claim was foreclosed by Supreme Court

of Ohio precedent. On May 2, 2024, the magistrate issued the appended decision. The magistrate's decision included findings of fact and conclusions of law and recommended that we grant respondent's motion to dismiss. Although the magistrate rejected respondent's argument that relator had an obligation to file an affidavit of prior civil actions, the magistrate nonetheless concluded that relator failed to state a claim upon which relief can be granted because the exact legal arguments relator raised in his mandamus complaint have already been rejected by the Supreme Court in *State v. Moore*, 154 Ohio St.3d 94, 2018-Ohio-3237, ¶ 10.

{¶ 3} Relator has not filed any objections to the magistrate's decision. "If no timely objections are filed, the court may adopt a magistrate's decision, unless it determines that there is an error of law or other defect evident on the face of the magistrate's decision." Civ.R. 53(D)(4)(c). Finding no error of law or other defect on the face of the magistrate's decision, this court adopts the magistrate's decision as our own, including findings of fact and conclusions of law. In accordance with the magistrate's recommendation, respondent's motion to dismiss is granted.

*Respondent's motion to dismiss granted*;
*action dismissed*.

DORRIAN and LELAND, JJ., concur.

————————————

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State ex rel. Melvin Dews,                    :

        Relator,                                      :

v.                                                              No.  24AP-212

                                              :

ODRC/Bureau of Sentence Computation,                    (REGULAR CALENDAR)

                                              :

        Respondent.                              :

                                              :

---

M A G I S T R A T E ' S    D E C I S I O N

Rendered on May 2, 2024

---

*Melvin Dews,* pro se.

*Dave Yost*, Attorney General, *Andrew T. Gatti*, and *John H. Bates*, for respondent.

---

IN MANDAMUS
ON RESPONDENT'S MOTION TO DISMISS

{¶ 4}    Relator Melvin Dews seeks a writ of mandamus ordering respondent Bureau of Sentence Computation ("BSC") to modify its record to correctly reflect relator's sentence. BSC has filed a motion to dismiss.

## I. Findings of Fact

{¶ 5}    1. At the time of the filing of this action, relator was an inmate incarcerated at the Noble Correctional Institution in Caldwell, Ohio.

{¶ 6}    2. BSC, as an administrative section of Ohio Department of Rehabilitation and Correction ("ODRC"), is a government entity for purposes of R.C. 2969.21 et seq.

{¶ 7}   3. Relator commenced this mandamus action by the filing of his complaint on March 25, 2024.

{¶ 8}   4. In his complaint, relator alleges he was sentenced following a plea of guilty to three criminal counts on October 12, 2022 in the Hamilton County Court of Common Pleas. Relator attached a document to his complaint that he alleges to be a copy of his sentencing entry in that case. The purported entry reflects that relator was found guilty of the offenses listed in counts four, five, and seven, with the remaining counts dismissed. On count four, relator was sentenced to a 12-month period of incarceration with a 3-year firearm specification to be served consecutively and prior to the sentence imposed on the underlying offense in count four. On both count five and count seven, relator was also sentenced to a 12-month period of incarceration. The entry provided that the sentences in counts four, five, and seven were to be served concurrently with each other for a total aggregate sentence of four years of incarceration to be served with ODRC.

{¶ 9}   5. Relator alleges in his complaint that BSC calculated his sentence so "as to modify his non-mandatory prison term to have been served in the county jail, by applying jail-time credit to backend of sentence first, notwithstanding the sentencing court ordered the exact opposite." (Compl. at 2.) Relator further claims that BSC "has calculated the sentence by applying jail-time credit to backend of the sentence first, modifying the 12-month non-mandatory stated prison term to that of being mandatory." (Compl. at 2-3.) Relator asserts entitlement to a peremptory writ of mandamus compelling BSC "to correct its record to reflect the sentence actually imposed by the court of common pleas." (Compl. at 1.)

{¶ 10} 6. BSC filed a motion to dismiss on April 9, 2024. Relator has not filed a response.

## II. Discussion and Conclusions of Law

{¶ 11} BSC asserts relator's complaint is subject to dismissal for failing to state a claim upon which relief can be granted pursuant to Civ.R. 12(B)(6).

## A. Review of a Motion to Dismiss for Failure to State a Claim

{¶ 12} A motion to dismiss for failure to state a claim is procedural and tests the sufficiency of the petition or complaint itself and any attached documents. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545 (1992), citing *Assn. for Defense of Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 117 (1989). Attachments to the complaint are considered part of the complaint for all purposes. Civ.R. 10(C). Generally, in ruling on a Civ.R. 12(B)(6) motion, a court " 'cannot resort to evidence outside the complaint to support dismissal [except] where certain written instruments are attached to the complaint.' " *Brisk v. Draf Indus.*, 10th Dist. No. 11AP-233, 2012-Ohio-1311, ¶ 10, quoting *Park v. Acierno*, 160 Ohio App.3d 117, 2005-Ohio-1332, ¶ 29 (7th Dist.).

{¶ 13} A court reviewing a motion to dismiss pursuant to Civ.R. 12(B)(6) must presume all factual allegations contained in the complaint to be true and make all reasonable inferences in favor of the nonmoving party. *Red Foot Racing Stables v. Polhamus*, 10th Dist. No. 19AP-390, 2020-Ohio-592, ¶ 11, citing *State ex rel. Turner v. Houk*, 112 Ohio St.3d 561, 2007-Ohio-814, ¶ 5. "Before the court may dismiss the complaint, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling the plaintiff to recovery." *Jones v. Dann*, 10th Dist. No. 09AP-352, 2009-Ohio-5976, ¶ 9, citing *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus. Provided there is a set of facts, consistent with the complaint, under which the complaining party could obtain relief, a court may not

grant a motion to dismiss for failure to state a claim. *Prime Invests., LLC v. Altimate Care, LLC*, 10th Dist. No. 20AP-526, 2022-Ohio-1181, ¶ 23, citing *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 145 (1991). However, a court need not accept as true any unsupported and conclusory legal propositions presented in the complaint. *Bullard v. McDonald's*, 10th Dist. No. 20AP-374, 2021-Ohio-1505, ¶ 11, citing *Morrow v. Reminger & Reminger Co. LPA*, 183 Ohio App.3d 40, 2009-Ohio-2665, ¶ 7 (10th Dist.).

## B. Inmate Filing Requirements

{¶ 14} In support of dismissal, BSC first argues that relator failed to comply with the inmate filing requirements in R.C. 2969.25. R.C. 2969.25(A) and (C) provide procedural requirements for inmates commencing a civil action or appeal against a government entity or employee. *See State ex rel. Foster v. Foley*, 170 Ohio St.3d 86, 2022-Ohio-3168, ¶ 10; *State ex rel. Swanson v. Ohio Dept. of Rehab. & Corr.*, 156 Ohio St.3d 408, 2019-Ohio-1271, ¶ 6. These procedural requirements include an affidavit of prior civil actions under R.C. 2969.25(A) and an affidavit of waiver and affidavit of indigency under R.C. 2969.25(C). Compliance with the inmate filing requirements of R.C. 2969.25 is mandatory, and failure to comply compels dismissal. *Boles v. Knab*, 129 Ohio St.3d 222, 2011-Ohio-2859, ¶ 1.

{¶ 15} With regard to the affidavit of prior civil actions, R.C. 2969.25(A) provides that an inmate commencing a civil action in the court of appeals must file an affidavit containing a "description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court." To comply with R.C. 2969.25(A), the filed affidavit must include all of the following:

> (1) A brief description of the nature of the civil action or appeal;

(2) The case name, case number, and the court in which the civil action or appeal was brought;

(3) The name of each party to the civil action or appeal;

(4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award.

R.C. 2969.25(A). *See Swanson* at ¶ 5. R.C. 2969.21 provides definitions applicable to R.C. 2969.25. A "civil action or appeal against a government entity or employee" is defined as including any of the following:

(a) A civil action that an inmate commences against the state, a political subdivision, or an employee of the state or a political subdivision in a court of common pleas, court of appeals, county court, or municipal court;

(b) An appeal of the judgment or order in a civil action of the type described in division (B)(1)(a) of this section that an inmate files in a court of appeals.

R.C. 2969.21(B)(1). However, a "civil action or appeal against a government entity or employee" does not include "any civil action that an inmate commences against the state, a political subdivision, or an employee of the state or a political subdivision in the court of claims or the supreme court or an appeal of the judgment or order entered by the court of claims in a civil action of that nature, that an inmate files in a court of appeals or the supreme court." R.C. 2969.21(B)(2). Importantly, inmates who have not filed a civil action or appeal of a civil action against a government entity or employee in the previous five years need not file the affidavit of prior civil actions required by R.C. 2969.25(A). *State ex rel. Wickensimer v. Bartleson*, 123 Ohio St.3d 154, 2009-Ohio-4695, ¶ 3.

{¶ 16} Substantial compliance with the inmate filing requirements of R.C. 2969.25 is not sufficient. *State ex rel. McGlown v. Mohr*, 10th Dist. No. 14AP-478, 2015-Ohio-1554, ¶ 9, citing *State ex rel. Manns v. Henson*, 119 Ohio St.3d 348, 2008-Ohio-4478, ¶ 4; *State ex rel. Neil v. French*, 153 Ohio St.3d 271, 2018-Ohio-2692, ¶ 7. Nor can a deficiency

in compliance with the statutory requirements present at the time of the filing of the complaint or petition be cured at a later date. *State ex rel. Swopes v. McCormick*, 171 Ohio St.3d. 492, 2022-Ohio-4408, ¶ 14 (stating that "*all* avenues for curing a failure to comply with R.C. 2969.25" were "expressly foreclosed") (Emphasis sic.)); *State ex rel. Young v. Clipper*, 142 Ohio St.3d 318, 2015-Ohio-1351, ¶ 9 (stating that failure to comply with the mandatory requirements of R.C. 2969.25 "is not curable by subsequent amendment" and that a "belated attempt to file an affidavit that complies with R.C. 2969.25 does not excuse the noncompliance"); *Fuqua v. Williams*, 100 Ohio St.3d 211, 2003-Ohio-5533, ¶ 9; *Boles* at ¶ 2. Furthermore, the Supreme Court of Ohio has held that a court does not err by sua sponte dismissing an original action for failure to comply with the inmate filing requirements in R.C. 2969.25. *State ex rel. Bey v. Bur. of Sentence Computation*, 166 Ohio St.3d 497, 2022-Ohio-236, ¶ 19; *State ex rel. Watkins v. Andrew*s, 142 Ohio St.3d 308, 2015-Ohio-1100, ¶ 8; *State ex rel. Hall v. Mohr*, 140 Ohio St.3d 297, 2014-Ohio-3735, ¶ 5.

{¶ 17} BSC contends that relator has failed to comply with R.C. 2969.25(A) because he failed to file an affidavit of prior civil actions. It is true that relator did not file such an affidavit with his complaint. Notably, however, BSC does not contend that relator has filed a civil action or appeal of a civil action against a government entity within the previous five years. In the absence of evidence demonstrating that relator has filed such an action, relator was not required by the plain text of R.C. 2969.25(A) to file an affidavit of prior civil actions. *Wickensimer* at ¶ 3-6. BSC's contention regarding relator's lack of compliance with R.C. 2969.25(A) is therefore without merit.

**C. Alleged Failure to Apply Jail-Time Credit to Firearm Specification**

**{¶ 18}** Next, BSC argues relator's complaint fails to state a claim upon which relief can be granted because jail-time credit cannot be applied to relator's sentence for the firearm specification. In support of this position, BSC cites to *State v. Moore*, 154 Ohio St.3d 94, 2018-Ohio-3237.

**{¶ 19}** In *Moore*, the defendant sought to have the time he spent in county jail credited toward his sentence pursuant to the jail-time credit provisions contained in R.C. 2967.191. The Supreme Court of Ohio explained Ohio's sentencing scheme with regard to firearm specifications:

> Ohio law allows for the additional punishment of an offender when a firearm is involved in the offense. R.C. 2929.14(B). This is accomplished through a "specification," which must be set forth in the indictment for the underlying felony. *See*, *e.g.*, R.C. 2941.141. For example, an offender who had a firearm on his person or under his control while committing the offense is subject to a one-year prison term for the specification. *Id*.; R.C. 2929.14(B)(1)(a)(iii). An offender who displays, brandishes, or uses the firearm to facilitate the underlying offense is subject to an additional three-year prison term. R.C. 2941.145; R.C. 2929.14(B)(1)(a)(ii). A sentence for a specification must be served consecutively to and prior to any sentence for the underlying felony offense. R.C. 2929.14(C)(1)(a).
>
> The prison term for the firearm specification is mandatory. R.C. 2929.14(B)(1)(a). Moreover, the term "shall not be reduced pursuant to section 2967.19 [petition for early release], section 2929.20 [petition for judicial release], section 2967.193 [earned days of credit], or *any other provision of Chapter 2967* or Chapter 5120 of the Revised Code." (Emphasis added.) R.C. 2929.14(B)(1)(b).

*Moore* at 8-9.[1] The court noted that R.C. 2967.191 entitled a prisoner to jail-time credit by requiring ODRC to reduce a prisoner's term of imprisonment by the total number of days that the prisoner was confined for any reason arising out of the offense for which the

---

[1] The General Assembly amended R.C. 2929.14 in the time between the Supreme Court of Ohio's decision in *Moore* and relator's sentencing. However, those amendments do not materially alter the text of the statute as construed by *Moore* and as relevant to the present matter.

prisoner was convicted and sentenced, including confinement while awaiting trial as determined by the sentencing court. *Id.* at ¶ 10. However, the court found that the jail-time-credit provision in R.C. 2967.191 "plainly constitutes 'any other provision of Chapter 2967.' " *Id.* Therefore, under the terms of R.C. 2929.14, the court found that the defendant's "prison terms for the firearm specifications could not be reduced based upon the time he served in jail prior to sentencing." *Id.*

{¶ 20} Here, relator asserts entitlement to relief in mandamus based on the same arguments considered and rejected by the Supreme Court of Ohio in *Moore*. Even presuming the allegations in relator's complaint to be true, i.e., BSC applied relator's jail-time credit to the portion of his sentence related to the underlying offense as opposed to the mandatory firearm specification,[2] relator cannot meet the requirements for a writ of mandamus. Notably, relator does not claim BSC has failed to apply jail-time credit to his sentence. Instead, he alleges only that BSC incorrectly applied relator's jail-time credit to the sentence for the offense underlying the firearm specification. Presuming all factual allegations contained in the complaint to be true and making all reasonable inferences in favor of relator as the nonmoving party, relator cannot demonstrate that BSC was under a clear legal duty to apply jail-time credit to his sentence for the firearm specification or that he has a clear legal right to such application of jail-time credit. *See Moore* at ¶ 15 (stating "the plain language of the specification provision requires that jail-time credit not be applied toward prison terms for firearm specifications"). *See also State v. Clinkscale*, 10th Dist. No. 22AP-708, 2023-Ohio-4146, ¶ 12; *State v. Hempstead*, 8th Dist. No.

---

[2] For purposes of R.C. Chapter 2929, the term "mandatory prison term" is defined in pertinent part as "the term in prison that must be imposed for the offenses or circumstances set forth in * * * division (B) of section 2929.14 of the Revised Code." R.C. 2929.01(X). *See State v. Workman*, 10th Dist. No. 21AP-607, 2024-Ohio-167, ¶ 47. It is also noted that R.C. 2929.01 was amended following relator's sentencing; those amendments, however, are not relevant to the present matter.

113051, 2024-Ohio-1474, ¶ 11. Therefore, relator fails to state in his complaint a claim upon which relief can be granted.

**D. Conclusion**

{¶ 21} Accordingly, it is the decision and recommendation of the magistrate that BSC's motion to dismiss should be granted and relator's complaint dismissed.

/S/ MAGISTRATE
JOSEPH E. WENGER IV

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.