[Cite as *State ex rel. Rush v. Ohio State Emp. Relations Bd.*, 2024-Ohio-5787.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Derek Rush, | : | |
| Relator, | : | |
| v. | : | No. 24AP-100 |
| | : | |
| Ohio State Employment Relations Board, | : | (REGULAR CALENDAR) |
| Respondent. | : | |
| | : | |

D E C I S I O N

Rendered on December 10, 2024

**On brief:** *Derek Rush*, pro se.

**On brief:** *Dave Yost*, Attorney General, and *Jennifer A. Driscoll*, for respondents.

IN MANDAMUS

MENTEL, P.J.

{¶ 1} Relator, Derek Rush, brings this original action in mandamus against respondent, Lisa Hoying, in her official capacity as chair of the Ohio Parole Board, as well as various other parole board members. Mr. Rush seeks an order to vacate the board's finding that he violated the terms of his postrelease control, alleging that the finding was based on insufficient evidence. Respondents have filed a motion to dismiss the complaint, arguing that Mr. Rush failed to comply with the mandatory pleading requirements under R.C. 2969.25 that apply to litigation initiated by inmates.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate. The magistrate reviewed Mr. Rush's filings and recommends granting the motion to dismiss because he failed to file a certified statement

of his inmate account balance for the period required by R.C. 2969.25(C)(1). In addition, the magistrate has found that Mr. Rush's affidavit of civil filings does not comply with the requirements of R.C. 2969.25(A).

**{¶ 3}** Mr. Rush filed no objection to the magistrate's decision. "If no timely objections are filed, the court may adopt a magistrate's decision, unless it determines that there is an error of law or other defect evident on the face of the magistrate's decision." Civ.R. 53(D)(4)(c). Our review of the magistrate's decision reveals no error of law or other evident defect. *See, e.g.*, *State ex rel. Alleyne v. Indus. Comm.*, 10th Dist. No. 03AP-811, 2004-Ohio-4223 (adopting the magistrate's decision where no objections filed). We agree with the magistrate's conclusion Mr. Rush's complaint did not comply with the mandatory requirements of R.C. 2969.25. Accordingly, we adopt the decision of the magistrate in full, grant respondents' motion, and dismiss the complaint.

*Motion granted*;
*complaint for writ of mandamus dismissed.*

LUPER SCHUSTER and JAMISON, JJ., concur.

_____

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Derek Rush, | : | |
| Relator, | : | |
| v. | : | No. 24AP-100 |
| | : | |
| Lisa Hoying In Her Official Capacity as Chair of the Ohio Parole Board et al., | : | (REGULAR CALENDAR) |
| Respondents. | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on March 11, 2024

*Derek Rush*, pro se.

*Dave Yost*, Attorney General, and *Jennifer A. Driscoll*, for respondents.

IN MANDAMUS
ON SUA SPONTE DISMISSAL

{¶ 4} Relator Derek Rush seeks a writ of mandamus, naming the following individuals, all of whom are sued in their official capacity, as respondents: Lisa Hoying, chair of the Ohio Parole Board ("parole board"), Scott Widmer, member of the parole board, Catherine Hastings, parole officer, Brigid Slaton, chief hearing officer of the parole board, and Jennifer Pribe, hearing officer of the parole board. Relator requests an order directing respondents to vacate the order finding relator violated the terms of his postrelease control and to enter an order finding insufficient evidence was presented to find relator guilty of the charged violation.

**I. Findings of Fact**

{¶ 5}   1. At the time of the filing of this action, relator was an inmate incarcerated at the Lorain Correctional Institution in Grafton, Ohio.

{¶ 6}   2. The parole board is an administrative section of the Adult Parole Authority ("APA"), which is a bureau-level administrative section of the Division of Parole and Community Services, which in turn is a division of the Ohio Department of Rehabilitation and Correction ("ODRC"). *See* R.C. 5120.01; R.C. 5149.02. The parole board is a government entity for purposes of R.C. 2969.21 et seq.

{¶ 7}   3. Respondents are government employees for purposes of R.C. 2969.21 et seq.

{¶ 8}   4. Relator commenced this mandamus action by the filing of his complaint on February 8, 2024.

{¶ 9}   5. In his complaint, relator alleges he was sentenced in 2019 to a 47-month term of imprisonment. Following his release, relator was charged with a violation of the terms of his postrelease control. Relator asserts multiple due process violations with regard to his parole violation hearing. Relator alleges the APA failed to present sufficient evidence to establish relator violated the terms of his postrelease control. Relator also asserts a violation of Ohio Adm.Code 5120:1-1-17(D) because he was ordered to a community-based correctional facility ("CBCF") by the APA, rather than a member or hearing officer of the parole board at a hearing. Relator requests the following relief: "That a peremptory writ issue directing respondents 'to vacate the order finding [relator] violated the terms of [relator's] postrelease control and to enter an order finding insufficient evidence was presented to find [relator] guilty of the charged violation." (Compl. at 16.)

{¶ 10}   6. With his complaint, relator filed an affidavit of civil filings. Relator also filed an affidavit of indigency.

{¶ 11}   7. On March 7, 2024, respondents filed a motion to dismiss.

## II. Discussion and Conclusions of Law

{¶ 12} R.C. 2969.25(A) and (C) provide procedural requirements for inmates commencing a civil action or appeal against a government entity or employee. *See State ex rel. Foster v. Foley*, 170 Ohio St.3d 86, 2022-Ohio-3168, ¶ 10; *State ex rel. Swanson v. Ohio Dept. of Rehab. & Corr.*, 156 Ohio St.3d 408, 2019-Ohio-1271, ¶ 6. These

procedural requirements include an affidavit of prior civil actions under R.C. 2969.25(A) and an affidavit of waiver and affidavit of indigency under R.C. 2969.25(C). Compliance with the inmate filing requirements of R.C. 2969.25 is mandatory, and failure to comply compels dismissal. *Boles v. Knab*, 129 Ohio St.3d 222, 2011-Ohio-2859, ¶ 1.

{¶ 13} With regard to the affidavit of prior civil actions, R.C. 2969.25(A) provides that an inmate commencing a civil action in the court of appeals must file an affidavit containing a "description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court." To comply with R.C. 2969.25(A), the filed affidavit must include all of the following:

> (1) A brief description of the nature of the civil action or appeal;
>
> (2) The case name, case number, and the court in which the civil action or appeal was brought;
>
> (3) The name of each party to the civil action or appeal;
>
> (4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award.

R.C. 2969.25(A). *See Swanson* at ¶ 5. R.C. 2969.21 provides definitions applicable to R.C. 2969.25. A "civil action or appeal against a government entity or employee" is defined as including any of the following:

> (a) A civil action that an inmate commences against the state, a political subdivision, or an employee of the state or a political subdivision in a court of common pleas, court of appeals, county court, or municipal court;
>
> (b) An appeal of the judgment or order in a civil action of the type described in division (B)(1)(a) of this section that an inmate files in a court of appeals.

R.C. 2969.21(B)(1). However, a "civil action or appeal against a government entity or employee" does not include "any civil action that an inmate commences against the state, a political subdivision, or an employee of the state or a political subdivision in the court

of claims or the supreme court or an appeal of the judgment or order entered by the court of claims in a civil action of that nature, that an inmate files in a court of appeals or the supreme court." R.C. 2969.21(B)(2). Importantly, inmates who have not filed a civil action or appeal of a civil action against a government entity or employee in the previous five years need not file the affidavit of prior civil actions required by R.C. 2969.25(A). *State ex rel. Wickensimer v. Bartleson*, 123 Ohio St.3d 154, 2009-Ohio-4695, ¶ 3.

{¶ 14} With regard to the requirements for an affidavit of indigency, R.C. 2969.25(C) provides as follows:

> If an inmate who files a civil action or appeal against a government entity or employee seeks a waiver of the prepayment of the full filing fees assessed by the court in which the action or appeal is filed, the inmate shall file with the complaint or notice of appeal an affidavit that the inmate is seeking a waiver of the prepayment of the court's full filing fees and an affidavit of indigency. The affidavit of waiver and the affidavit of indigency shall contain all of the following:
>
> (1) A statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier;
>
> (2) A statement that sets forth all other cash and things of value owned by the inmate at that time.

R.C. 2969.25(C). The term "inmate account" is defined as "an account maintained by the department of rehabilitation and correction under rules adopted by the director of rehabilitation and correction pursuant to section 5120.01 of the Revised Code or a similar account maintained by a sheriff or any other administrator of a jail or workhouse or by the administrator of a violation sanction center." R.C. 2969.21(E).

{¶ 15} Substantial compliance with the inmate filing requirements of R.C. 2969.25 is not sufficient. *State ex rel. McGlown v. Mohr*, 10th Dist. No. 14AP-478, 2015-Ohio-1554, ¶ 9, citing *State ex rel. Manns v. Henson*, 119 Ohio St.3d 348, 2008-Ohio-4478, ¶ 4; *State ex rel. Neil v. French*, 153 Ohio St.3d 271, 2018-Ohio-2692, ¶ 7. Nor can a deficiency in compliance with the statutory requirements present at the time of the filing of the complaint or petition be cured at a later date. *State ex rel. Swopes v. McCormick*, 171 Ohio St.3d. 492, 2022-Ohio-4408, ¶ 14 (stating that "*all* avenues for curing a failure to comply with R.C. 2969.25" were "expressly foreclosed") (Emphasis sic.)); *State ex rel. Young v. Clipper*, 142 Ohio St.3d 318, 2015-Ohio-1351, ¶ 9 (stating that failure to comply with the

mandatory requirements of R.C. 2969.25 "is not curable by subsequent amendment" and that a "belated attempt to file an affidavit that complies with R.C. 2969.25 does not excuse the noncompliance"); *Fuqua v. Williams*, 100 Ohio St.3d 211, 2003-Ohio-5533, ¶ 9; *Boles* at ¶ 2. Furthermore, the Supreme Court of Ohio has held that a court does not err by sua sponte dismissing an original action for failure to comply with the inmate filing requirements in R.C. 2969.25. *State ex rel. Bey v. Bur. of Sentence Computation*, 166 Ohio St.3d 497, 2022-Ohio-236, ¶ 19; *State ex rel. Watkins v. Andrew*s, 142 Ohio St.3d 308, 2015-Ohio-1100, ¶ 8; *State ex rel. Hall v. Mohr*, 140 Ohio St.3d 297, 2014-Ohio-3735, ¶ 5.

{¶ **16**} Relator has failed to comply with R.C. 2969.25(C)(1). Relator's affidavit of indigency contains information purportedly certified by the institutional cashier including the following: account balance, total state pay credited for the report period, average monthly pay for the report period, total funds from all sources except state pay for the report period, and total amount spent in inmate's commissary during the same period. The time period reported is listed as fewer than six months beginning on June 26, 2023. However, relator's affidavit fails to contain a statement certified by the institutional cashier that sets forth the balance in relator's inmate account for *each* of the preceding six months as required by R.C. 2969.25(C)(1). *State ex rel. Roden v. Ohio Dept. of Rehab. & Corr.*, 159 Ohio St.3d 314, 2020-Ohio-408, ¶ 9 (finding that although the inmate's affidavit of indigency contained information including "a cashier's statement listing the balance in his inmate account * * *, the total amount he had earned through state pay for the preceding six months, and the total amount he had spent in his commissary during the same period," his complaint was correctly dismissed pursuant to R.C. 2969.25(C)(1) because his "affidavit of indigency [did] not include a statement setting forth the balance in his inmate account for *each* of the preceding six months." (Emphasis sic.)) *See State ex rel. Swanson v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 20AP-151, 2021-Ohio-338, ¶ 7; *State ex rel. Sands v. Lake Cty. Common Pleas Court*, 172 Ohio St.3d 146, 2023-Ohio-2599, ¶ 8; *Greene v. Turner*, 151 Ohio St.3d 513, 2017-Ohio-8305, ¶ 6. Thus, relator's affidavit of indigency does not comply with the requirements of R.C. 2969.25(C).

{¶ **17**} Additionally, it is noted that relator's affidavit of civil filings appears to be incomplete and, therefore, potentially not in compliance with R.C. 2969.25(A). Brief

review reveals that relator has filed a petition for habeas corpus in an Ohio court of appeals within the previous five years and prior to his filing of this matter. *See Rush v. Black*, 9th Dist. No. 24CA012072 (habeas corpus action filed on January 16, 2024 by relator, as indicated by the same inmate number as listed for relator in this action).[1] A court reviewing an original action may take judicial notice of the pleadings and orders in related cases when these are not subject to reasonable dispute insofar as they affect the current original action. Evid.R. 201(B); *State ex rel. Ohio Republican Party v. Fitzgerald*, 145 Ohio St.3d 92, 2015-Ohio-5056, ¶ 18; *State ex rel. Womack v. Marsh*, 128 Ohio St.3d 303, 2011-Ohio-229, ¶ 8. As the docket of relator's habeas corpus action in the Ninth District Court of Appeals is publicly available online and not subject to reasonable dispute, the magistrate takes judicial notice of such action. Relator lists another habeas corpus action in his affidavit, but it is difficult to discern in what court or when such action was filed based on the limited information provided. Original actions in mandamus and habeas corpus are civil actions for purposes of R.C. 2969.21 et seq. *See Fuqua* at paragraph one of the syllabus ("A habeas corpus action is a civil action and therefore the provisions of R.C. 2969.21 through 2969.27 are applicable to such action."). Thus, relator is required to comply with R.C. 2969.25(A) by listing those civil actions, including habeas corpus actions, filed within the previous five years. Nevertheless, it is not necessary to resolve whether relator has complied with R.C. 2969.25(A) because dismissal is independently warranted under R.C. 2969.25(C).

{¶ 18} Because relator has failed to fully comply with the mandatory requirements of R.C. 2969.25 at the time of the filing of his complaint, this action must be dismissed. *See State ex rel. Armengau v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 15AP-1070, 2017-Ohio-368, ¶ 13; *Sands* at ¶ 11; *Roden* at ¶ 9; *State ex rel. Swain v. Ohio Adult Parole Auth.*, 10th Dist. No. 16AP-519, 2017-Ohio-517, ¶ 5. Although relator's action must be dismissed for failing to comply with R.C. 2969.25, it is noted that "a dismissal for failure to meet the requirements of R.C. 2969.25 is *not* a dismissal on the merits." (Emphasis added.) *Watkins*, 2015-Ohio-1100, at ¶ 8, citing *Hall*, 2014-Ohio-3735, at ¶ 5.

---

[1] It is noted that relator's affidavit of prior civil filings reflects that it was notarized on December 5, 2023.

{¶ 19} Accordingly, it is the decision and recommendation of the magistrate that relator's complaint for a writ of mandamus should be dismissed sua sponte. Respondents' March 7, 2024 motion to dismiss is moot.

/S/ MAGISTRATE
JOSEPH E. WENGER IV

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.