[Cite as *State ex rel. Hogan v. Hoying*, 2026-Ohio-2420.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Tremain Hogan, | : | |
| Relator, | : | No. 26AP-98 |
| v. | : | (REGULAR CALENDAR) |
| Lisa Hoying, Chair, | : | |
| Respondent. | : | |

D E C I S I O N

Rendered on June 25, 2026

**On brief:** *Tremain Hogan*, pro se.

**On brief:** [*Andy Wison*], Attorney General, *Jennifer A. Driscoll*, and *Daniel H. Huston*, for respondent.

IN MANDAMUS
ON RESPONDENT'S MOTION TO DISMISS

DINGUS, J.

{¶ 1}   Relator, Tremain Hogan, has commenced this original action seeking a writ of mandamus against respondent, Lisa Hoying, in her capacity as chair of the Ohio Parole Board.  Hogan alleges the Adult Parole Authority violated his rights under the Ohio and United States Constitutions by failing to hold a revocation hearing before giving him a residential sanction for a post-release control violation.

{¶ 2}   This matter was referred to a magistrate of this court, pursuant to Civ.R. 53(C) and Loc.R. 13(M), of the Tenth District Court of Appeals.  Respondent filed a motion to dismiss, pursuant to Civ.R. 12(B)(6), for failure to state a claim upon which relief can be granted.  The magistrate issued the appended decision, including findings of fact and conclusions of law, recommending this court grant respondent's motion to dismiss.  No objections have been filed to that decision.

{¶ 3}   Finding no error of law or other defect on the face of the magistrate's decision, this court adopts the magistrate's decision as our own, including the findings of fact and conclusions of law.   In accordance with the magistrate's decision, we grant respondent's motion to dismiss.

*Motion to dismiss granted*;
*action dismissed.*

EDELSTEIN and LELAND, JJ., concur.

———————————

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Tremain Hogan, | : | |
| Relator, | : | |
| v. | : | No. 26AP-98 |
| Lisa Hoying, Chair, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on April 16, 2026

*Tremain Hogan*, pro se.

*Dave Yost*, Attorney General, and *Jennifer A. Driscoll*, for respondent.

IN MANDAMUS
ON RESPONDENT'S MOTION TO DISMISS

{¶ 4}   Relator Tremain Hogan has filed a petition for writ of mandamus against respondent Lisa Hoying, in her capacity as chair of the Ohio Parole Board ("parole board"). Hogan alleges the Adult Parole Authority ("APA") violated his rights under the Ohio and United States Constitutions by failing to hold a revocation hearing before giving Hogan a residential sanction for a postrelease control violation. Hoying has filed a motion to dismiss. Because Hogan has failed to strictly comply with the inmate filing requirements in R.C. 2969.25(C), the magistrate recommends granting Hoying's motion and dismissing Hogan's petition.

## I. Findings of Fact

{¶ 5}    1.  Hogan filed his petition for writ of mandamus on February 11, 2026.

{¶ 6}    2.  At the time of filing, Hogan was an inmate at Lorain Correctional Institution in Grafton, Ohio.

{¶ 7}    3.  The parole board is an administrative subsection of the APA, which itself is a bureau-level section of the Division of Parole and Community Services of the Department of Rehabilitation and Correction ("DRC"). *See* R.C. 5149.02.

{¶ 8}    4.  Hoying, who is sued in her official capacity as chair of the parole board, is a government employee for purposes of R.C. 2969.21 et seq.

{¶ 9}    5.  In his petition, Hogan asserted entitlement to relief because "[t]he APA violated [Hogan's] 14th [and] 4th Amendment rights when he was illegally placed in VOA Mansfield without a revocation hearing." (Petition at ¶ 7.) Hogan alleged that the location where he was placed met the requirements to be considered a secured locked facility. Hogan also asserted that he was denied the opportunity to present witnesses at a revocation hearing. Hogan requested that all violations obtained due to the allegedly illegal placement in the Mansfield VOA be vacated and that he be placed back on postrelease control.

{¶ 10} 6.  Alongside his petition, Hogan provided an affidavit of indigency. The certified cashier's statement attached to Hogan's petition does not set forth the balance in Hogan's inmate account for each of the preceding six months.

{¶ 11} 7.  On March 24, 2026, Hoying filed a motion to dismiss pursuant to Civ.R. 12(B)(6).

## II. Discussion and Conclusions of Law

{¶ 12} Hoying has moved to dismiss Hogan's petition for failure to state a claim upon which relief can be granted pursuant to Civ.R. 12(B)(6).

### A. Standard for Reviewing a Motion to Dismiss for Failure to State a Claim

{¶ 13} A motion to dismiss for failure to state a claim under Civ.R. 12(B)(6) is procedural and tests the sufficiency of the petition or complaint. *See State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 1992-Ohio-73, ¶ 9, citing *Assn. for the Defense of the Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 117 (1989). When ruling

on a Civ.R. 12(B)(6) motion, a court may consider certain "documents attached to or incorporated into the complaint." *State ex rel. Gordon v. Summit Cty. Court of Common Pleas*, 2025-Ohio-2927, ¶ 8. *See* Civ.R. 10(C) ("A copy of any written instrument attached to a pleading is a part of the pleading for all purposes."). A court reviewing the sufficiency of a complaint in resolving a Civ.R. 12(B)(6) motion must presume all factual allegations in the complaint to be true and make all reasonable inferences in favor of the nonmoving party. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988).

## B. Inmate Filing Requirements

{¶ 14} Hoying asserts Hogan's petition must be dismissed because he failed to comply with the requirement in R.C. 2969.25(C) to submit a statement that sets forth the balance in his inmate account for each of the preceding six months, as certified by the institutional cashier.

{¶ 15} R.C. 2969.25(A) and (C) provide procedural requirements for inmates commencing a civil action or appeal against a government entity or employee. *See State ex rel. Foster v. Foley*, 2022-Ohio-3168, ¶ 10; *Fuqua v. Williams*, 2003-Ohio-5533, ¶ 3 (stating that the "provisions in R.C. 2969.21 through 2969.27 were enacted . . . effective October 17, 1996, and appear to be Ohio's version of the Federal Prison Litigation Reform Act"). These procedural requirements include the filing of an affidavit of prior civil actions under R.C. 2969.25(A) and an affidavit of waiver and affidavit of indigency under R.C. 2969.25(C). As acknowledged by this Court, "[t]he purpose of R.C. 2969.21 through 2969.27 is to curb inmate litigation." *Slider v. Dept. of Rehab. & Corr.*, 1999 Ohio App. LEXIS 2999, at *7 (10th Dist. June 29, 1999).

{¶ 16} With regard to the requirements for an affidavit of indigency, R.C. 2969.25(C) provides as follows:

> If an inmate who files a civil action or appeal against a government entity or employee seeks a waiver of the prepayment of the full filing fees assessed by the court in which the action or appeal is filed, the inmate shall file with the complaint or notice of appeal an affidavit that the inmate is seeking a waiver of the prepayment of the court's full filing fees and an affidavit of indigency. The affidavit of waiver and the affidavit of indigency shall contain all of the following:
>
> (1) A statement that sets forth the balance in the inmate

account of the inmate for each of the preceding six months, as certified by the institutional cashier;

(2) A statement that sets forth all other cash and things of value owned by the inmate at that time.

R.C. 2969.25(C). Definitions pertaining to R.C. 2969.25 are contained in R.C. 2969.21.

{¶ 17} Compliance with the inmate filing requirements in R.C. 2969.25 is mandatory, and failure to comply compels dismissal. *State ex rel. Bey v. Bur. of Sentence Computation*, 2022-Ohio-236, ¶ 13. R.C. 2969.25 "requires strict compliance." *State ex rel. Swanson v. Ohio Dept. of Rehab. & Corr.*, 2019-Ohio-1271, ¶ 6.

{¶ 18} At the time Hogan filed his petition, he submitted an affidavit of indigency. In the affidavit, Hogan stated that he is unable to pay the full filing fee and seeks a waiver of the payment. Hogan stated that he attached to his affidavit a statement setting forth the balance in his inmate account for each of the past six months as certified by the institutional cashier.

{¶ 19} The cashier's certified statement, which reflects that it was completed by Danielle C. Murray, contains a variety of information regarding Hogan's account including, but not limited to, total deposits, average monthly deposits, total first day balances, average first day balances, current balance, total pay, average total pay monthly, and total commissary expenditure. Though Hogan stated in his affidavit that he had attached a statement certified by the institutional cashier that set forth the balance in his inmate account for each of the past six months, this information is absent from the statement certified by the institutional cashier. As a result, the cashier's certified statement does not meet the requirements of R.C. 2969.25(C)(1).

{¶ 20} A separate DRC form, the first section of which appears to have been completed in part and signed by "D. Murray, cashier at the Lorain Correctional Institution," was also provided at the same time as Hogan's petition and affidavit of indigency. The DRC form contains the following instruction: "SECTION I – To be completed by cashier prior to this form being presented to the inmate for completion of SECTION II – Affidavit of Indigency." The first section contained the following statement:

The Prison Litigation Reform Act (PLRA) requires that the time period to be considered is the preceding six months. It also requires that, "…if financial activity is less than six months due to less than six months of incarceration, then note this fact

on the statement. If lack of history is due to recent transfer, then obtain missing month-end reports from sending cashier to complete the six month period. The sending cashier must similarly certify the month[-]end reports."

Murray certified that "the following is a true and accurate reflection of the status of the account maintained at this institution for the benefit of" Hogan. This DRC form contains other information for a time period reported as "[s]ix months," including the total funds received from all sources, excluding state pay, for the report period. However, like the cashier's certified statement, the DRC form does not set forth the balance in Hogan's inmate account for each of the preceding six months. It is noted that the DRC form, which Hogan submitted along with his affidavit of indigency, mentions the federal Prison Litigation Reform Act and its requirements, as opposed to Ohio's requirements under R.C. 2969.25.

{¶ 21} R.C. 2969.25(C) permits neither substantial compliance nor amendment to correct a failure in compliance existing at the time of filing. *See State ex rel. Neil v. French*, 2018-Ohio-2692, ¶ 7; *State ex rel. Swopes v. McCormick*, 2022-Ohio-4408, ¶ 12. Because Hogan has failed to submit a statement of his inmate account in compliance with the requirements of R.C. 2969.25(C)(1), his petition must be dismissed. Indeed, this Court has recently dismissed several actions filed by inmates incarcerated at Lorain Correctional Institution based on this same deficiency. *See State ex rel. King v. Hoying*, 2024-Ohio-2627, ¶ 3, 9 (10th Dist.) (dismissing complaint filed by inmate incarcerated at Lorain Correctional Institution because the institutional cashier's certified statement did not set forth the balance in the inmate's account for each of the preceding six months); *State ex rel. Rush v. Ohio State Emp. Relations Bd.*, 2024-Ohio-5787, ¶ 3 (10th Dist.) (same); *State ex rel. Stone v. Ohio Adult Parole Auth.*, 2024-Ohio-1379, ¶ 4 (10th Dist.) (same); *State ex rel. Canales v. Kron*, 2024-Ohio-2825, ¶ 4 (10th Dist.) (same); *State ex rel. Sajn v. Vogel*, 2024-Ohio-1552, ¶ 4 (10th Dist.) (same). Hogan has not claimed as part of his mandamus action that the institutional cashier refused or failed to provide a certified statement with the information required by R.C. 2969.25(C)(1) after having been requested to provide such a statement by Hogan.

{¶ 22} Though this action must be dismissed pursuant to R.C. 2969.25, it is noted that "dismissal of an action for failing to comply with the procedural requirements of

R.C. 2969.25 is a dismissal without prejudice." *State ex rel. Williams v. Ohio Adult Parole Auth.*, 2025-Ohio-1939, ¶ 3 (10th Dist.). *See State ex rel. Watkins v. Andrews*, 2015-Ohio-1100, ¶ 8, citing *State ex rel. Hall v. Mohr*, 2014-Ohio-3735, ¶ 5 (stating that "a dismissal for failure to meet the requirements of R.C. 2969.25 is not a dismissal on the merits").

## C. Conclusion

{¶ 23} Hogan has failed to comply with the inmate filing requirements in R.C. 2969.25(C)(1). Accordingly, it is the decision and recommendation of the magistrate that Hoying's motion to dismiss should be granted and Hogan's petition for writ of mandamus dismissed.

/S/ MAGISTRATE
JOSEPH E. WENGER IV

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.